**Walt BUCKLES, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 5349.**

Supreme Court of Wyoming.

Jan. 26, 1981.

Michael H. Schilling, Appellate Counsel, Wyoming Public Defender, Laramie, signed the brief and appeared in oral argument on behalf of appellant.

John D. Troughton, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., Criminal Division, and Vicci Colgan, Legal Intern, Cheyenne, signed the brief and Colgan appeared in oral argument on behalf of appellee.

Before ROSE, C. J.*, McCLINTOCK, RAPER **, THOMAS and ROONEY, JJ.

ROONEY, Justice.

A jury found appellant-defendant guilty of the offense of grand larceny in violation of § 6–7–301, W.S.1977.[1] Appellant presents us with a contention of error in that the

"Judgment and Sentence entered in this case is without authority as the jury verdict upon which it is based failed to comply with the mandatory requirements of W.S. 7–11–502 (1977) * * *."

Section 7–11–502, W.S.1977 (hereinafter referred to as the value statute) provides:

"When the indictment charges an offense against the property of another by larceny, embezzlement or obtaining under false pretenses, the jury, on conviction, shall ascertain and declare in their verdict the value of the property stolen, embezzled or falsely obtained."

The verdict in this case, as returned and signed by the foreman, reads:

"WE, THE JURY, duly empaneled to try the above entitled matter find the Defendant

"(X)   Guilty of Grand Larceny

"(   )   Guilty of Petit Larceny

"(   )   Not guilty

"The value of the property in question is $over $100.00."

The "X" and the words "over $100.00" were handwritten on the form submitted for recording of the verdict.

We affirm.

The item which was subject of the larceny in this case was a motor-powered alter-

nator or generator. It was sold by Montgomery Ward for $364.00, but it was returned by the purchaser inasmuch as the generator or alternator part of the machine was defective. There was testimony that the catalog price of the machine was $354.88; that the repair of the machine would cost $275.00 to $300.00; that the motor part of the machine, if sold separately would have a value of $175.00 to $190.00; that the Montgomery Ward catalog price for a similar motor part of the machine was $139.00; that the Montgomery Ward markup from wholesale to retail price was "about 30%"; that a similar motor sold at a competitor's store for $159.00; that the wholesale price to such competitor store was "approximately $100.00"; and that the value of such motor would decrease 20 percent after an hour of use.

The test of the value of stolen property is the value " * * * at the time and place where they are taken." *Oldham v. State*, Wyo., 534 P.2d 107, 109 (1975). The trial court so instructed the jury. The jury was instructed as to the elements of the crime of grand larceny, including the requirement that the value of the goods taken and carried away be $100.00 or upward. The jury was also instructed that it could find appellant guilty of the lesser offense of petit larceny, and the elements of petit larceny were set forth, including the requirement that the value of the goods taken and carried away be less than $100.00. Therefore, the jury was aware of the fact that the value of the goods was determinative of whether the offense be grand larceny or whether it be petit larceny. The verdict form, supra, provided for the finding of "Guilty of Grand Larceny," "Guilty of Petit Larceny," or "Not Guilty."

Appellant argues that previous consideration by this court of the applicability of the value statute sets precedent which supports

* Chief Justice since January 5, 1981.

** Chief Justice at time of oral argument.

1. Section 6–7–301 provides:
   "Whoever feloniously steals, takes and carries, leads or drives away the personal goods of another of the value of one hundred dollars ($100.00) or upwards, is guilty of grand larceny, and shall be imprisoned in the penitentiary not more than ten (10) years."

his contention and mandates reversal of the judgment and sentence in this case. We find those cases to be distinguishable in that the jury in this case *did* set forth the value of the goods as "over $100.00," whereas in the referenced cases the findings were "guilty as charged." We also find that the legislative intent in the enactment of the value statute was to require the determination and declaration in the verdict of value of the goods by the jury only in those cases in which the grade of the offense depended upon value, and that such determination and declaration were here made.

To support his position, appellant refers to six cases in which the provisions of the value statute (or its predecessor) were considered by this court. In *Thomson v. State*, 21 Wyo. 196, 130 P. 850 (1913), the charge was the "stealing of a horse of value" in violation of a statute which made it a felonious offense to steal "any horse, mule, sheep or neat cattle, of value." The verdict returned by the jury found the defendant "guilty as charged in the information." The conviction was reversed because the value was not set forth in the verdict as required by the value statute. The decision was based upon the case of *Armstrong v. State*, 21 Ohio St. 357 (1871) which was quoted extensively in the opinion and which recited that the determination of the grade of the offense was not the only reason for the value statute and that an additional reason was its influence on the amount of punishment to be decided upon by the court. The opinion also noted that Ohio and Nebraska were the only jurisdictions with a similar statute, and that a contrary holding would amount to a "judicial repeal" of the value statute.

As already stated, the verdict in the *Thomson* case did not set forth the value of the property as did the verdict in this case. The reasoning that the finding of value by a jury is influential on the discretionary sentence to be imposed is naive. It fails to recognize the purposes of a sentence[2], and it ignores the long and continuing controversy over the standards for sentencing[3], and it is myopic with reference to the extent of consideration and practicality given by the sentencing judge to the bases for a sentence.[4]

"The law in Wyoming is that the sentencing judge is given wide discretion in determining the length and conditions of the term of imprisonment to be imposed upon conviction and that such determination, if within the statutory limits, will not be disturbed absent a clear abuse of discretion. * * * *" *Jones v. State*, Wyo., 602 P.2d 378, 380 (1979).

The verdict in *Merrill v. State*, 22 Wyo. 186, 136 P. 795 (1913) was "guilty as charged." The charge was larceny of "a head of neat cattle." The one paragraph opinion simply made reference to *Thomson v. State*, supra, and reversed the conviction for failure to set forth the value in the verdict in accordance with the value statute.

In *State v. Le Masters*, 36 Wyo. 241, 254 P. 120 (1927), the information was in two counts: one for grand larceny, and one for receiving and concealing property, knowing it to have been stolen. The defendant was acquitted on the grand larceny charge and found "guilty as charged" on the charge of receiving and concealing stolen property. The judgment of conviction was affirmed inasmuch as the offense of receiving stolen property was not one of those enumerated in the value statute. Of present interest, is the following language in the opinion at pages 120, 121:

" * * * Even in larceny cases the weight of authority, in those jurisdictions where they are not required by statute to find the value of the property stolen in their verdict, is that it is not required. A verdict of guilty, as is charged in the information, is a sufficient finding that the alleged value of the property is large

2. Punishment, rehabilitation, removal from society, and an example to others.

3. Premised on the type of offense, or on the individual and his circumstances, or both.

4. All of the elements, history and circumstances concerning the individual and the offense, including the evidence presented to the jury and that obtained from other sources.

enough to render the accused guilty of the degree of larceny for which he is indicted. * * *

* * * * * *

"In case the question of the value of the property is a close question, the defendant should request an instruction as to value and a finding by the jury of the value of the property. It would undoubtedly be error, where properly requested to do so, for the jury not to find the value of the property in their verdict. [Citation.]"

The information in *State v. Chambers*, 70 Wyo. 283, 249 P.2d 158 (1952) charged the offense of embezzlement. As now statutorily defined, the offense of embezzlement does not include the value of the property as an element of the crime. It does not grade the offense into degrees based upon such value, as is done in the offense of larceny—i. e., grand and petit. Again the verdict was "guilty as charged." *Thomson v. State*, supra, was quoted extensively in the opinion,[5] and the case was remanded for a new trial for failure to include the value of the embezzled property in the verdict.

*Munoz v. Maschner*, Wyo., 590 P.2d 1352 (1979) came to us for post-conviction relief. The defendant was charged with petit larceny. The verdict was "guilty as charged." The following language of the court at pages 1355, 1356 is pertinent:

"* * * This court has held that it is mandatory that the value of property be specified in the verdict. *State v. Chambers*, 1952, 70 Wyo. 283, 249 P.2d 158. This court has subsequently considered a similar question in *Kennedy v. State*, Wyo.1977, 559 P.2d 1014. In *Kennedy*, a statutorily prescribed finding of sanity was omitted from the form of verdict, but this court there applied the usual considerations on appeal; error cannot be first asserted on appeal, there must be prejudicial error before a verdict is over-

turned and instructions must be considered as a whole to determine if the jury was called upon to determine various questions incorporated in a general verdict of guilt.

* * * * * *

"* * * We cannot see any absence of fundamental fairness in the procedural irregularity of failing to note the value of stolen property on the verdict. The evidence did show that without a doubt the petitioner stole gasoline, and we would be devoid of common sense to believe that gasoline has no money value. There could be no prejudice. We should not be understood to mean that courts need not adhere to the legislative direction that the value should show on the verdict. It does serve a more valuable purpose when grand larceny is charged to make sure that the jury finds stolen property to be of a value in a statutory amount of 'one hundred dollars ($100.00) or upwards,' § 6–7–301, W.S.1977. Nor should we be understood as suggesting what our decision would be had this question been presented on appeal, rather than in a post-conviction proceeding."

Finally, in *Fitzgerald v. State*, Wyo., 599 P.2d 572 (1979), defendant was found guilty after a trial to the court of obtaining goods by false pretenses. He alleged error (among others) in the failure of the trial court to declare the value of the property obtained. We said at page 576 with reference to the value statute:

"We conclude that the statute on its face is applicable only to trials to the jury. The requirement is present to assure that the jury in fact considers all elements of the crime, and particularly where value may increase the severity of the sentence the jury is asked to specifically consider the element of value in this way. In this case, the property obtained was in the

---

**5.** However, reference was made to the fact that the Ohio case of *Armstrong v. State*, supra, (upon which *Thomson v. State*, supra, was premised) had been "expressly overruled" in Ohio. In 1974, the Ohio legislature specified that the value of property or services was to be determined by the fact finder in theft offenses, but that "it is unnecessary to find and return exact value," it being sufficient to state the value at less or more than the amount which determined the grade of the offense. Section 2913.61, O.R.C. 1974.

form of a cashier's check, and value was not in dispute at the trial. On its face it was over the one-hundred-dollar amount required to make the offense a felony. In addition, it is clear that the trial court specifically considered that element of the offense. * * * "

The foregoing summary of our past consideration of the value statute reflects that the posture taken was based on the Ohio case of *Armstrong v. State*, supra, and that its application by us has been limited to those instances in which the verdict was "guilty as charged." In this case the verdict was "guilty of grand larceny" and "the value of the property in question is over $100.00." This *is* an ascertainment and declaration of value as required by the value statute.

Additionally, we note that the legislature is presumed to enact legislation that is reasonable and logical and not to intend futile things. *Department of Revenue and Taxation v. Irvine*, Wyo., 589 P.2d 1295 (1979); and *Yeik v. Department of Revenue and Taxation*, Wyo., 595 P.2d 965 (1979). The only logical and reasonable purpose for requiring the jury to include the value of the property in a verdict involving the offenses of larceny, embezzlement or falsely obtaining goods is to determine the grade of the offense.[6]

This conclusion is fortified by the legislative history of the value statute. Although the *offense of embezzlement is not now* graded into a minor and major degree, such was not so at the time the value statute was first enacted. Embezzlement statutes as of that time provided that the embezzler was "deemed guilty of larceny and punished accordingly." The value statute was passed in its present form as part of the general laws of the Territory of Wyoming at the first session of the legislative assembly in 1869. Chapter 74, § 156, Laws of Wyoming 1869. The offenses of grand larceny and petit larceny were defined at the same session. If the property taken was

"of the value of twenty-five dollars, or when taken from the person of another, of whatever value, or when taken from the sleeping apartment of another in the night time, of whatever value"

the offense was grand larceny. In other cases the offense was petit larceny. Chapter 3, § 43, Laws of Wyoming 1869. A lesser penalty was provided for petit larceny than that for grand larceny. Chapter 3, §§ 42 and 44, Laws of Wyoming 1869. Several types of embezzlement offenses were defined and said to be "deemed guilty of larceny and punished accordingly," e. g., by "clerk, apprentice, or servant," Chapter 3, § 50 Laws of Wyoming 1869; by "bailee," Chapter 3, § 51, Laws of Wyoming 1869; by "lodger," Chapter 3, § 52, Laws of Wyoming 1869. Chapter 3, § 47, Laws of Wyoming 1869, provides a punishment of not less than one year and not more than ten years for embezzlement from territory, school, county, etc., only if "the money not paid over shall amount to one hundred dollars." Altering a brand on livestock or branding livestock of another with intent to steal the same (obtain by false pretenses) was made a crime only if the value of "the property affected" was five dollars or more. Chapter 3, § 46, Laws of Wyoming 1869.

The necessity for a determination by the jury of the value of the property involved in the embezzlement and obtaining property by false pretenses, in addition to that involved in larceny, in order to establish the grade of the offense is obvious. The intent of the legislature in enacting the predecessor to the value statute was to fill this need and only to fill this need.

The charge of grand larceny against appellant in this case does require a determination of value in order to establish the grade of the offense, i. e., grand larceny or petit larceny. And, as already noted, such determination was adequately made and set forth in the verdict. The foregoing explanations of legislative intent is nonetheless pertinent to this case to refute appellant's argument that the legislative intent in en-

---

**6.** We have already indicated the lack of logic in the contention that there be a purpose relating to the severity of the sentence to be imposed at the discretion of the judge.

actment of the value statute was to require the declaration of value in the verdict for some purpose other than to establish the grade of offense, which purpose would be accomplished only by a declaration of exact money value.

█ The contended error does not here exist inasmuch as the value of the goods was adequately set forth in the verdict as "over $100.00" as required by the value statute, and the legislative intention in the enactment of the value statute was to require declaration of the value of the involved property only in those cases in which such was necessary to establish the grade of the offense and, in such cases, only to the extent necessary for such purpose (as here).

Justice Raper's specially concurring opinion requires a short response.

Appellant argued that the holding in *Chambers* and related cases established a purpose for the value statute beyond that of grading of offense, i. e., a purpose of effecting the severity of the sentence. He argued that such was therefore pertinent to this case inasmuch as such purpose necessitated the fixing of *definite* value in this case—not one of "over $100.00." Our discussion of that case was therefore necessary as part of the fulcrum upon which our decision was based.

█ The fact that we are complying with the intent of the legislature in holding the value statute requirement to be inapplicable to the charge of embezzlement, is substantiated by the amendment of the embezzlement statute by the legislature subsequent to enactment of the value statute by eliminating grades of offenses in it, leaving the value statute without purpose or use insofar as embezzlement is concerned. As noted above, we do not presume the legislature to intend futile things. We are not judicially repealing legislation, rather we are giving effect to the legislative intent relative thereto.

Affirmed.

RAPER, Justice, specially concurring.

I concur in the result but see no need to discuss the intent of the legislature so as to reach cases other than the one before us. There is no compulsion, for a disposition of this case, to decide and hold that the statute, § 7–11–502, W.S.1977, is applicable " * * * *only* to those cases in which the grade of the offense depended upon value * * *." (Emphasis added.) There is no question but what such a finding in this case is necessary in order to determine whether the offense committed was a felony or misdemeanor but this court need go no further. The statutory language is clear that value must be found also in embezzlement cases where value of the property embezzled is unnecessary to the degree of the offense when for example the crime of embezzlement such as by an employee pursuant to § 6–7–310, W.S.1977 is charged. See also §§ 6–7–311, W.S.1977, embezzlement by innkeeper or bailee; 6–7–312, W.S. 1977, embezzlement by commission merchant, et alia; 6–7–314, W.S.1977, misappropriation of public funds; and, 6–7–315, W.S.1977, embezzlement by fiduciaries. We can only decide one case at a time. The decision to be made in an embezzlement case should be left for an embezzlement case. I only discuss it because it is misleading, irrelevant dicta in the majority but represented to be a holding.

I disagree that the finding of value for use of the trial judge in sentencing is "naive" or "myopic." I would consider it important to a trial judge to have a jury of the defendant's peers decide the extent of the embezzlement because certainly the amount embezzled is a factor to be considered by a sentencing judge. It is a fact to be found by the jury as a fact finder and such a burden should be left to the jury and not the judge even though not a necessary element of guilt and the judge could in some cases figure it out for himself for sentencing purposes. Such a factor would be of much significance in any embezzlement case involving large sums of money misappropriated over a long period by clever manipulation. I consider it good judicial policy to permit the jury to make that de-

termination and the legislature apparently thinks it wise as well. I would point out that Justice Ilsley, a member of this court and trial judge for many years, authored *State v. Chambers*, 1952, 70 Wyo. 283, 249 P.2d 158 cited by and overturned by the majority, which was an embezzlement case. Justice Ilsley, speaking for the court, quoted favorably from *Thomson v. State*, 1913, 21 Wyo. 196, 130 P. 850, also cited by the majority, and saw worth in the determination of value in an embezzlement case as an aid to sentencing.

However, the real thrust of Chambers relates to judicial repeal of a legislative act if the court were to eliminate the crime of embezzlement from the requirements of § 7–11–502, supra. Chambers was handed down over twenty-eight years ago, in October, 1952, and the legislature has not seen fit to amend § 10–1402, W.C.S. 1945, now § 7–11–502, W.S.1977, supra. In *Chambers* this court reviewed the provision as it had been on the books ever since it was originally enacted as § 156, ch. 75, Title 13, Territorial Laws 1869 and then said:

" * * * After all of these years it hardly behooves us to do what successive sessions of legislatures have failed to do, repeal Section 10–1402 [§ 7–11–502, W.S. 1977], by a judicial decree. It has stood all of these years without change. If we had the power of legislation, we might change this statute; but we do not possess that function. It is impossible for us to say that this statute is unreasonable. We can only consider legislation as it exists. Courts are not authorized to substitute their views for those of the legislature. One of the chief merits of this great American Republic is the division of powers, in both the state and national governments, into three grand departments, the executive, the legislative and the judicial. It is essential to the success of this form of government that the powers invested in any one of these departments shall not be permitted to encroach upon the powers of any one of the others. As stated by this court in *White v. Hinton*, 3 Wyo. [753], 760, 30 P. 953, 'whether legislation is wise or unwise, politic or impolitic, is not a judicial question.' Again, ' * * * the courts will not conjure up theories to overturn and overthrow the solemn declarations of the legislative body.' *State ex rel. Voiles v. High School*, 43 Wyo. [494] 504, 5 P.2d 255; *State v. W. S. Buck Merc. Co.*, 38 Wyo. 47, 264 P. 1023, 57 A.L.R. 675; *Brown v. Clark*, 47 Wyo. 216, 34 P.2d 17." at 70 Wyo. 292, 249 P.2d 161. (Emphasis added.)

I continue to believe that is the law of the state. If we omit the word "embezzlement" from § 7–11–502, supra, we are amending the section. That goes beyond construction. A regular host of decisions relating to statutory construction militate against disregarding a word in a statute. If language of a statute is plain and unambiguous, there is no room for construction and the court may not look for and impose another meaning. *Hayes v. State*, Wyo. 1979, 599 P.2d 558 (for many other cases, see Key No. 190, Statutes, Wyoming Digest). A court may not rewrite a statute which it believes speaks clearly. *State ex rel. Albany County Weed and Pest District v. Board of County Commissioners of County of Albany*, Wyo.1979, 592 P.2d 1154. Courts will not read into statutes exceptions not made by the legislature. *Lo Sasso v. Braun*, Wyo.1963, 386 P.2d 630. In construing a statute effect must be given, if possible, to every word, clause and sentence. *Basin Electric Power Coop. v. State Board of Control*, Wyo.1978, 578 P.2d 557. Courts will not usurp the power of the legislature by deciding what should have been said. *Barber v. State Highway Commission*, 1959, 80 Wyo. 340, 342 P.2d 723. We should not presume to act like a legislature and repeal parts of statutes under the guise of construction.

The State in *Chambers* urged this court to follow the lead of Nebraska and Ohio courts which had construed similar statutes and held there was no need to require a jury to find and declare value in its verdict where the degree of the crime does not depend on value. Justice Ilsley speaking for this court said: "*Whatever the reasons*

*given by the Ohio and Nebraska courts for the overruling of their previous decisions, we find no good reason for so doing as far as the law on the subject in Wyoming is concerned."* (Emphasis added.) *This court did not then depend upon the law of any other jurisdiction but the established precedent of this court* which had been in effect for many years. I do not now consider it pertinent what Ohio and Nebraska may have done either statutorily or by court opinion since that time. The touchstone of *Chambers* is that this court will not judicially amend, by deletion of a word, a legislative enactment.

I further take the position that before this court can even consider the appellant's objection, he must first have objected to the form of the verdict as returned by the jury (which he did not do) unless there is plain error. Rules 49(b), W.R.Cr.P. and 7.05, W.R.A.P. The appellant has shown no prejudice, which is his burden. *Hampton v. State,* Wyo.1977, 558 P.2d 504. Plain error is not conferred gratuitously. *Benson v. State,* Wyo.1977, 571 P.2d 595. The trial court should be afforded the opportunity to correct an erroneous verdict if it is erroneous. This ground alone would have been sufficient to dispose of the case.