Donald Frank WEATHERS,
Appellant (Defendant),

v.

The STATE of Wyoming, Appellee
(Plaintiff).

No. 5706.

Supreme Court of Wyoming.

Oct. 25, 1982.

Sylvia Lee Hackl, Appellate Counsel, Wyoming Public Defender Program, Cheyenne, for appellant.

Steven F. Freudenthal, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., Allen C. Johnson, Sr. Asst. Atty. Gen. and Thomas Campbell, Legal Intern, for appellee.

Before ROSE, C.J., and RAPER, THOMAS, ROONEY and BROWN, JJ.

RAPER, Justice.

Appellant was convicted of grand larceny in violation of § 6–7–301, W.S.1977[1] after a jury trial. He appeals from the judgment and sentence entered against him contending that the trial court erred in denying his motion for acquittal on the grounds that the State failed to produce competent evidence as to the element of value of the goods stolen.

We will affirm.

In the late afternoon of September 29, 1981, the home of Mr. and Mrs. Buell, located near Buffalo, Wyoming, was broken into. Numerous items of value were taken, including binoculars, camera equipment, jewelry, money, and rifles. Eight days later, during the early morning hours of October 7, 1981, appellant was arrested in Los Angeles, California for theft—siphoning gasoline. At the same time appellant was arrested, Mr. Tim Kaliszewski was arrested on the same charge as an accomplice. A subsequent investigation by police officers in Los Angeles revealed that several of the items that had been stolen from the Buell home had been in appellant's car at the time of his arrest. Also, statements made to those officers by both appellant and Mr. Kaliszewski indicated that they had committed burglaries in several states including Wyoming. Upon this information, both appellant and Kaliszewski were returned to Wyoming to face charges of grand larceny.

At appellant's trial, Mr. Kaliszewski testified for the State that both he and appellant had participated in the theft of property from the Buell home. Mr. Kaliszewski confirmed that he, appellant, and another man had stolen binoculars, camera equipment, jewelry, coins, and guns from the Buell home on September 29, 1981. He also testified that enroute to Los Angeles they sold the coins they had stolen for $37.50 and some of the guns for $125.00.

Also during appellant's trial, Mrs. Buell testified for the State concerning the events of September 29, 1981. She described the condition she found her home in after the break-in and she further described what had been stolen from her home. During Mrs. Buell's testimony, the State produced a list of items prepared by her that detailed the items stolen from her home and the value she attached to each item. The list, Exhibit 22, was made from a list submitted on an insurance claim filed by Mrs. Buell after the break-in. Exhibit 22, with its value estimates included, was admitted into evidence over the objection of appellant's counsel. The objection was that the State had failed to lay a proper foundation for Mrs. Buell's estimate of value. In addition to the estimate of value in Exhibit 22, Mrs. Buell testified, over appellant's objection, to the value she placed on the stolen property. Mrs. Buell, in both her testimony and in Exhibit 22, placed a value of $4,244 on the items stolen from her home.[2]

---

1. Section 6–7–301, W.S.1977, provides:
   "Whoever feloniously steals, takes and carries, leads or drives away the personal goods of another of the value of one hundred dollars ($100.00) or upwards, is guilty of grand larceny, and shall be imprisoned in the penitentiary not more than ten (10) years."

2. The list of items introduced into evidence included four rifles valued at $1,146, a pair of binoculars valued at $198, a 35 mm camera with flash attachment valued at $360, thirteen finger rings valued at $1,625, a silver dollar necklace valued at $25, a stick pin valued at $20, a pair of diamond earrings valued at $125, a man's watch valued at $45, and other jewelry valued at $700. The total value of goods stolen was $4,244.

During her testimony, Mrs. Buell admitted that many of the stolen items had been gifts and that she had no idea what they had originally cost. On cross-examination, Mrs. Buell testified that she had never been in the business of buying and selling furniture or jewelry, but that she had at one time been in the business of buying and selling guns.

Appellant argues that the State failed to lay any more foundation for Mrs. Buell's testimony concerning value than that she was the owner of the stolen property, and that alone was insufficient to render her opinion of value competent. He, therefore, argues that his motion for acquittal should have been granted because the State failed to produce competent evidence as to the value of the stolen items—one of the elements of the crime of grand larceny.

Since the issue we must address concerns the denial of a motion for acquittal, it is appropriate that we set out our standard of review. In *Edge v. State,* Wyo., 647 P.2d 557 (1982), we quoted approvingly from *Leppek v. State,* Wyo., 636 P.2d 1117, 1119 (1981):

" 'In reviewing the denial of a motion for judgment of acquittal, we examine and accept as true the evidence of the prosecution together with all logical and reasonable inferences to be drawn therefrom, [citations] leaving out entirely the evidence of the defendant in conflict therewith [citations].

" 'A motion for judgment of acquittal is to be granted only when the evidence is such that a reasonable juror must have a reasonable doubt as to the existence of any of the essential elements of the crime. Or, stated another way, if there is substantial evidence to sustain a conviction of the crime, the motion should not be granted. [Citations.] This standard applies whether the supporting evidence is direct or circumstantial. [Citations.]' "

Further, since at the heart of appellant's claim is the issue of whether the trial court properly admitted Mrs. Buell's opinion of value over appellant's objection, we shall set out the manner in which we review questions of that nature. In *Taylor v. State,* Wyo., 642 P.2d 1294, 1295 (1982) we announced:

"It has been held generally that the admission of evidence is within the sound discretion of the trial court and absent a clear abuse of discretion will not be disturbed. It is also the general rule that the foundation, relevance, competency, materiality, and remoteness are within the sound discretion of the trial court and will be upheld on appeal absent a clear abuse of discretion." (Footnotes omitted.)

Our task, then, is to determine whether the trial court properly acted within its discretion in allowing Mrs. Buell to put forth an opinion as to the value of the items stolen from her home. Once we have resolved that question, we can apply the standard set out above to determine whether the trial court's denial of appellant's motion for acquittal was proper.

We begin, then, by deciding whether Mrs. Buell's opinion as to the value of her stolen property was properly admitted. The general rule in the United States is that owners of chattels are qualified by reason of that relationship alone to give an estimate as to their value. Annot., 37 A.L.R.2d 967, 974 (1954). For a brief statement of the background behind that general rule, we set out a portion of the annotation which states:

"It is universally acknowledged that opinion testimony of qualified witnesses is admissible to prove the value of personal property of all kinds when such testimony is necessary for a fair determination of its value, the only real controversy involving the question of the competency or qualification of the witness by whom such testimony is offered. 20 Am.Jur., Evidence § 894.

"Similarly, the right of the owner of a chattel to testify as to its value, although he may not possess sufficient knowledge or skill to testify as an expert on the subject, is generally recognized, the theory of such recognition being that he has such familiarity with his property that he may generally be presumed to know what

it is worth and making it nonessential, as a condition precedent to the admission of his testimony, to prove that he knew the value or to require him to state the elements entering into its value to him as a necessary qualification for giving his opinion. 20 Am.Jur., Evidence § 894. "Professor Wigmore, in what is one of the most frequently quoted and cited texts on the subject, says in his Evidence, 3d ed § 716: 'The *owner of an article,* whether he is generally familiar with such values or not ought certainly to be allowed to estimate its worth; the weight of his testimony (which often would be trifling) may be left to the jury; and Courts have usually made no objections to this policy.'

"In Jones on Evidence 2d ed § 1266, the author says that the owner is credited with some idea of the value of his property and may ordinarily testify to it.

\* \* \* \* \* \*

"The primary reason for admitting such an estimate of value is that of necessity, the owner necessarily knowing something about the quality, cost, and condition of the article, and it often being impossible to produce other witnesses having the requisite knowledge upon which to base an opinion. But the rule of admissibility is more frequently predicated on the presumption that the owner, being familiar with his property, knows what it is worth.

\* \* \* \* \* \*

"Of course, where it plainly appears in any case that the owner has no knowledge of the value as to which he expresses an opinion, the presumption arising from ownership is overcome, and his opinion is inadmissible. \* \* \* " (Footnotes omitted.) Annot. 37 A.L.R.2d 967, 972–973 (1954).

■ This court, in a long line of cases, has adopted that generally accepted view that owners are presumed to have a special knowledge of the value of their property and are qualified to express their opinion concerning it. *Sagebrush Development, Inc. v. Moehrke,* Wyo., 604 P.2d 198 (1979);

*Town of Douglas v. Nielsen,* Wyo., 409 P.2d 240 (1965); *Blessing v. Pittman,* 70 Wyo. 416, 251 P.2d 243 (1952); *Shikany v. Salt Creek Trans. Co.,* 48 Wyo. 190, 45 P.2d 645 (1935). In *Shikany,* id., a case where the issue of competency was similar to the one before us, this court, after an exhaustive discussion of the policy behind allowing such opinion evidence, concluded that the owner of a chattel could testify as to its value without demonstrating special expertise. Of course, we must note that we have also held that evidence of value to the individual himself is not enough; the value testified to must in some way relate to market value. *Energy Transportation Systems, Inc. v. Mackey,* Wyo., 650 P.2d 1152 (1982); *Coronado Oil Co. v. Grieves,* Wyo., 642 P.2d 423 (1982); *Shikany v. Salt Creek Trans. Co.,* supra. Therefore, an owner can testify as to his opinion of market value without having a particular expertise; the weight given to such testimony is left to the jury. However, an owner cannot be permitted to simply testify what the value of an item is to him personally and have it treated as competent evidence.

Appellant cites this court's decision in *Wilcox v. Herbst,* 75 Wyo. 289, 295 P.2d 755 (1956) for the proposition that an owner's opinion as to the value of his property is not always competent. Wilcox presented a situation where this court decided that the presumption arising from ownership was overcome by a showing that the owner had no knowledge of the value he expressed an opinion about. The owner's opinion that this court rejected in Wilcox, related to the amount of damage done to an automobile. This court noted that the standard for determination of the amount of damage to an automobile was well established and the owner clearly demonstrated a lack of knowledge in that regard; therefore, his testimony on damages was not competent. Id. at 760. The decision in Wilcox has no application in the case before us because the presumption of knowledge has not been overcome here.

■ In this case Mrs. Buell was either the sole owner or a co-owner with her hus-

band of the stolen property. She testified that although some of the stolen items had been received as gifts, the remainder had been purchased by her. The values she expressed both in testimony and on the list entered into evidence were values she had placed on the items in reporting the items to her insurance company. Those values were clearly her opinion of what the market value of the stolen items were and not simply an expression of what they were worth to her personally, i.e., sentimental value. Also, on cross-examination, Mrs. Buell demonstrated that as to the value of the stolen guns, her opinion was based on some expertise beyond her relationship to them as the owner.

Based on the facts of this case and our well-established case law on this subject, we hold that Mrs. Buell was competent to express an opinion as to the value of her property; the trial judge did not abuse his discretion in allowing such evidence to be presented for the jury's consideration. Although Mrs. Buell for the most part did not speak as an expert, her opinion of value was properly admitted as competent, with the weight given to that opinion being properly left to the jury.

We also note that, from our holding in *Buckles v. State,* Wyo., 622 P.2d 934 (1981), the verdict form required by § 7–11–502, W.S.1977, in a conviction for grand larceny need only state that personal goods worth over $100 were stolen. The only purpose of that requirement is to grade the offense as either a misdemeanor or felony. Here there was sufficient evidence that over $100 worth of goods were stolen by appellant notwithstanding Mrs. Buell's opinions as to the value of goods based solely on her relationship as owner. Mrs. Buell established a separate competence based on expertise in regard to valuing the guns stolen by appellant and indicated her opinion of their value on the list of items entered into evidence. That value—$1,146 —was far in excess of the required amount necessary to classify the offense as a felony. Also, Mr. Kaliszewski presented evidence that when a few of the items stolen from the Buells were sold, they brought a price of over $160. Stolen property does not ordinarily command a price amounting to its true value when put on the market by a thief. See *Russell v. State,* Wyo., 583 P.2d 690 (1978). There was, then, in any event, adequate value evidence to establish that the crime of grand larceny had been committed by appellant.

We hold, therefore, that, based on the evidence properly received in this case, there was sufficient substantial evidence as to value to sustain a conviction for grand larceny, and appellant's motion for acquittal was properly denied.

Affirmed.