**James Norman WELSH, Appellant**
**(Plaintiff below),**

v.

**Angeline Mary WELSH, Appellee**
**(Defendant below).***

**No. 3792.**

Supreme Court of Wyoming.

May 19, 1970.

Charles S. Aspinwall, of Leimback & Aspinwall, Casper, for appellant.

John A. MacPherson, of Brimmer & MacPherson, Rawlins, Wyo., for appellee.

Before GRAY, C. J., and McINTYRE, PARKER, and McEWAN, JJ.

Mr. Justice PARKER delivered the opinion of the court.

James Norman Welsh filed a complaint against his wife, Angeline Mary Welsh, seeking a divorce on grounds of intolerable indignities, alleging that the three-year-old son of the parties was residing with defendant in New Jersey, and asking that nothing in the decree relieve him of his parental duty of support. Defendant, served in New Jersey with summons by registered mail, denied generally and counterclaimed, asking for a divorce on the grounds of intolerable indignities, support for herself and the child, property settlement, and attorney fees.

There were various preliminary matters, including plaintiff's submission to defendant of interrogatories composed of nine questions and defendant's filing of motion for money to defend the suit. Approximately two months after service of the interrogatory copies on defendant's counsel, the court entered an order granting her $250 attorney fees and reciting that if the interrogatories were not answered within three days her counterclaim should be stricken under the provisions of Rule 37(d), W.R.C.P.[1] Fourteen days after that order, counsel presented to the court a motion to extend the time for answering the interrogatories together with a letter purporting to justify her delay, stating among other

---

* Although there was a double appeal, by inadvertence only a single case was docketed.

1. Defendant had previously been granted an extension of time within which to answer the interrogatories.

things that she had not heard from her New Jersey attorney and could not get another to represent her because of lack of money. An undated order denied the request for extension, recited that defendant had willfully failed and continued to fail to answer the interrogatories without fault of her Wyoming attorneys, ordered defendant's counterclaim stricken, and set the case for hearing some two weeks after the motion for the extension had been filed. At the trial plaintiff testified in his own behalf as did his sister, defendant appearing only by counsel. The court entered judgment for plaintiff, granting a divorce, and ordered that he pay defendant $200 per month support for the minor child during minority and dependency. From that judgment plaintiff appealed and a few days thereafter defendant also appealed.

## PLAINTIFF'S STATUS

■ The sole basis of plaintiff's contention here is that the trial court erred in the exercise of its discretion in awarding the sum of $200 per month for the support of the minor child. He cites many cases, none of which are relevant since the propriety of the trial court's holding turns on two factors, which although unrecognized by counsel are determinative: (1) the effect of the evidence before the court as to plaintiff's earning capacity and need; (2) his acceptance of the court's order regarding support as well as failure to request any relief from the amount now claimed to be excessive. It is true that as plaintiff contends his testimony of earning as a dentist $8,000 per year is unchallenged, but it is likewise clear that nothing in the record goes to prove what amounts he requires for his living expenses or what amounts over and above his earnings are available to him. The needs of both the parent and the child are, of course, essential to a fair resolution of support obligation. Even more important than this lack was the colloquy at the conclusion of the trial:

"THE COURT: I am going to grant the plaintiff a divorce. I am inclined

to make a further order for the support of this minor child. Do either of you want to be heard on that?

"* * * [Counsel for plaintiff:] I would have no objection to it. * * *

"* * * [Counsel for defendant:] * * I have no objection * * *.''

Whether or not this constituted a waiver by plaintiff need not be resolved since objection is here made to a matter never presented to the trial court, a circumstance which we have so often indicated as fatal to appeal that citation of authority is unnecessary.

## DEFENDANT'S APPEAL

Defendant's appeal is based on two claims of error, first, that the trial court improperly struck the counterclaim for her willful failure to answer the propounded interrogatories, and second, that under § 20–55, W.S.1957, no divorce shall be decreed where a party is guilty of the same misconduct as charged against the other.

■ Regarding the first, we find no merit. Defendant cites Austin Theatre, Inc. v. Warner Bros. Pictures, Inc., S.D. N.Y., 22 F.R.D. 302, and cases mentioned therein to support the contention that the failure to comply with the court's order was the negligence of the attorney and the failure was not willful. In the litigation before us the trial court specifically found there was no negligence on the part of the Wyoming attorneys and defendant's rambling letter attached to the motion for extension of time fell far short of proving any negligence by the New Jersey attorney. Furthermore, we are unable to discern the need of any New Jersey counsel for the answering of the interrogatories, no question of which could be misunderstood by anyone, the queries merely covering her name and residence; the dates, times, and places, and with what persons the acts of adultery charged of plaintiff had taken place; the names and addresses of witnesses to any of the claimed acts; the name of the person to whom she was formerly married; and the circumstances relating to

a purported Mexican divorce. Whether or not Wyoming counsel advised her how she should answer these questions was not stated, but in any event her noncompliance was unjustified, and the trial court's finding that the delay was willful is supported by the record.

Concerning equal guilt of the parties, the second ground of appeal, there was no testimony whatever that plaintiff was guilty of any of the offenses of which defendant accused him and the mere insinuations in the pleadings and the testimony regarding her accusations, which both plaintiff and his sister stated to be entirely unfounded, could not be construed as substantial evidence of his guilt—neither was the admitted fact of his partnership with a female dentist, his having a "room" in the same building in which she occupied an apartment, and his visits to her suite, evidence upon which to predicate a finding of like guilt. Therefore, the numerous Wyoming cases on like-guilty conduct of the parties in a divorce action are without relevance.

The appeals of both parties were improvidently taken. Accordingly, defendant's motion for attorney fees in this court must be denied and the judgment affirmed.