CONTINENTAL INSURANCE COMPANY, a foreign corporation, Petitioner,

v.

FIRST WYOMING BANK, N.A.—JACKSON HOLE, and First Wyoming Bancorporation, Respondents.

No. 88–114.

Supreme Court of Wyoming.

March 31, 1989.

Richard E. Day and Patrick J. Murphy, Williams, Porter, Day & Neville, P.C., Cas-

per, and Todd S. Welch, Bailey, Pickering, Stock & Welch, Cheyenne, for petitioner.

Peter K. Michael and William M. McKellar, Lathrop, Rutledge & Boley, P.C., Cheyenne, for respondents.

Before CARDINE, C.J., THOMAS, URBIGKIT and MACY, JJ., and RAPER, J., Retired.

## ORDER VACATING JUDGMENT AND DIRECTING REASSIGNMENT OF CASE

This matter came on before this Court upon the Petition for Writ of Prohibition and/or Writ of Mandamus and/or Writ of Certiorari and/or Other Relief filed herein by the Petitioner, Continental Insurance Company, on April 28, 1988; the Brief of Continental in Support of Petition for Writ of Prohibition and/or Writ of Mandamus and/or Writ of Certiorari and/or Other Relief filed herein on behalf of Petitioner on April 28, 1988, together with an Affidavit in Support of Request for Disqualification and other documents; the Brief of Respondents in Opposition to Continental Insurance Company's Various Writs filed herein on behalf of Respondents, First Wyoming Bank, N.A.—Jackson Hole, and First Wyoming Bancorporation, on May 23, 1988; the Reply Brief of Petitioner Continental Insurance Company filed herein on June 10, 1988, and the arguments of counsel heard on October 11, 1988, and the Court, having examined the file and record of the Court and being fully advised in the premises, finds that:

This case first came before this Court sub nomine, *Continental Insurance Company v. Robert B. Ranck, Honorable Judge of the District Court of the Ninth Judicial District of Teton County*, No. 88–32, in which we reviewed an order of the District Court that dismissed the Petitioner's complaint and in which we issued an order dated February 24, 1988, reversing the District Court order and remanding the cause to the District Court with directions that the District Court conduct a hearing with respect to the issues raised by the Petitioner. This Court's order directed the District Court to consider the questions of privilege with respect to documents sought to be produced in discovery, to conduct an in camera inspection of documents which the Petitioner claimed to be privileged, if appropriate, and to consider such other matters as might appropriately be raised by the Petitioner at such a hearing.

In response to this Court's order of February 24, 1988, a hearing was conducted by the District Court on April 8, 1988. It was conducted pursuant to an Order for Hearing entered March 3, 1988 which directed "that each attorney having anything to do with this case shall personally appear and * * * that the president or chief executive officer of plaintiff company shall personally appear; the local president of the First Wyoming Bank shall appear, and the president or chief executive officer of First Wyoming Bancorporation shall appear; * * *." That Order for Hearing went on to state:

"IT IS FURTHER NOTED BY THIS COURT, that this Order is made notwithstanding this Court's opinion that the Supreme Court of the State of Wyoming has no authority to tell the District Courts how to run their business."

At the hearing conducted on April 8, 1988, the District Court prefaced the proceedings with these remarks:

Now, next, if you gentlemen are disappointed by being ordered here and have some grievance with the judicial system, I'm glad; and I invite you to write a letter to the Chief Justice of the Wyoming Supreme Court. * * * And inform Justice Brown that you would appreciate it if the Supreme Court would keep its nose out of district court business. You're here because the Supreme Court ordered me to do this. And I'm doing it. And I don't like it. And I don't like them sticking their nose in my business and I'm telling them so on this record right now, and I want them to keep their nose out of my business."

 In the course of the hearing, the District Court considered those matters suggested in the order entered by this Court in Continental Insurance Company v.

Robert B. Ranck, Honorable Judge of the District Court of the Ninth Judicial District of Teton County, No. 88–32, as well as arguments of the parties relating to their respective motions for summary judgment which had been filed. The record does not demonstrate any in camera inspection of disputed discovery documents by the trial court although it does disclose a claim by the judge that he is completely familiar with the file. Pursuant to an Order Requesting Documents for In Camera Inspection, the documents were presented to this Court. Many of the documents are privileged or arguably privileged. *Thomas v. Harrison*, 634 P.2d 328 (Wyo.1981). Without being exhaustive, we note letters from counsel to the client encompassing legal advice; in-house correspondence of the client discussing advice furnished by the attorney; reports of summaries of deposition testimony; and evaluations of the client's position made by counsel. As we interpret Rule 26, W.R.C.P., no necessity exists to object to the furnishing of privileged material, and there is no waiver of the claim of privilege because of an untimely response to discovery. The Judgment, entered by the District Court on May 13, 1988, could not have been made in the absence of disregard of these precepts and, under the circumstances, the judgment constitutes a gross miscarriage of justice. Our conclusion as to the privileged nature of these documents is diametrically opposite to that apparently reached by the district court, and we are unable to justify the result reached by the district court within the purview of its discretion.

■ Our examination of the record persuades us that this case should be assigned to another judge for further proceedings. This conclusion is supported by the District Court's own comments at the conclusion of the hearing on April 8, 1988. Addressing Petitioner's representative and the chief executive officer of the respondent, First Wyoming Bancorporation, the District Court said:

"I would urge the two of you to get together with the lawyers while you're here and make an effort to take care of this case, because I can guarantee you much pain. Much pain. I'll leave that up to you.

"Now, I hope I've made myself understood. The next thing I want to make clear is I'm running this Court. The Supreme Court is not running this Court. No one else is running this Court. And I'm going to run it for 14 months and 22 days more, and I intend to take care of this case while I'm still on the bench. * * *

"Now, you can do what you want but you know my attitude, and if it hasn't been made clear I would be happy to answer any questions about it. But we're going to run cases according to the rules, we're going to do it on time, we're going to do it according to my docket, and when I set the hearings I think we'll just start having everybody here all the time. Now, that will now include the President of Continental Insurance Company. You're the plaintiff in this case and you want to have a case in my court I would like to see all of your people here."

The judgment entered by the District Court on May 13, 1988, granted Respondent's motion for sanctions against Petitioner, entered judgment in favor of Respondent on Petitioner's complaint, and entered judgment in favor of Respondent on Respondent's counterclaim against Petitioner. The court order provided that a hearing on damages would be held at some unidentified future date.

It is from that judgment that Petitioner sought extraordinary relief in this Court, and we granted a Petition for Writ of Certiorari to further review this matter on May 17, 1988.

We conclude that the District Court's judgment is erroneous and must be vacated. We find that the judgment entered by the District Court is a gross miscarriage of justice. Pursuant to the Writ of Certiorari granted in this case and pursuant to the general superintending control over courts vested in this Court by Wyo. Const. art. 5, § 2, it therefore is

ORDERED that the judgment entered by the District Court of the Ninth Judicial District of the State of Wyoming in and for Teton County in Continental Insurance Company, Plaintiff, v. First Wyoming Bank, N.A.—Jackson Hole, a Wyoming banking association; and First Wyoming Bancorporation, a Wyoming corporation, Civil No. 6917, be, and it hereby is, vacated in its entirety; and it further is

ORDERED that the case is remanded to the District Court with direction that the case immediately be, and in no event, not later than ten (10) days after the date of this order, reassigned to another district judge for further proceedings consistent with this order, the order of the Court in Continental Insurance Company v. Robert B. Ranck, Honorable Judge of the District Court, Ninth Judicial District of Teton County, No. 88–32, and the governing rules of procedure and principles of procedure and principles of law; and it further is

ORDERED that counsel for First Wyoming Bank, N.A.—Jackson Hole, and First Wyoming Bancorporation, Mr. William M. McKellar, as a result of a mistake initiated by this Court, having perused improperly the documents submitted to this Court for in camera inspection, immediately shall deliver to this Court any notes, memoranda, or other instruments he may have prepared as a product of his examination of those documents submitted for in camera inspection; Mr. McKellar shall not disclose to anyone the contents of the documents he did peruse; he shall advise this Court in writing, within ten (10) days, of the names and addresses of any persons to whom he has disclosed any such information; he shall make no use whatsoever of any of the documents or information contained therein which ultimately are ruled to be privileged; he shall make no reference to any privileged document revealed as a result of his perusal of the documents submitted for in camera inspection, either in examination, cross-examination, trial, colloquy, or in any manner whatsoever, and his failure to faithfully comply with these prohibitions will result in such appropriate sanctions as this Court may order.

CARDINE, C.J., concurs in the order of the Court and files a separate opinion.

RAPER, J., Retired, dissents from the order of the Court and files a separate opinion.

CARDINE, Chief Justice, concurring.

I find it necessary to concur in the order of the court to avoid misunderstanding. This court has not and will not undertake to "flex its muscles." This court will acknowledge and perform duties placed with the court by Article 5, §§ 2 and 3 of the Wyoming Constitution, which provide in part:

> "The supreme court shall have general appellate jurisdiction, co-extensive with the state, in both civil and criminal causes, and shall have a general superintending control over all inferior courts * * *." Art. 5, § 2, Wyoming Constitution.

> "The supreme court shall also have power to issue writs of mandamus, review, prohibition, habeas corpus, certiorari, and other writs necessary and proper to the complete exercise of its appellate and revisory jurisdiction." Art. 5, § 3, Wyoming Constitution.

In this case the supreme court concluded that the injustice of an improperly entered default should not continue. Therefore, pursuant to a petition for writ of prohibition and/or writ of mandamus and/or writ of certiorari the court issued a lawful order directing further proceedings in the case. The district court refused to accept or comply with that order. Although other action by the supreme court might be appropriate, the most reasonable disposition now seems that another judge should be assigned to proceed with this case.

RAPER, Justice, Retired, dissenting.

I dissent.

The Order Vacating Judgment and Directing Reassignment of the Case does not fairly represent what occurred in the district court at the district court hearing on April 8, 1988, conducted as required by

Order of this court entered February 24, 1988. The cited statements of the district judge do not demonstrate any bias against petitioner Continental but do show a strong bias against the Supreme Court of Wyoming. I know of no way shown by the circumstances of this case how a bias against this court can be transferred to, and be a bias against, Continental. The trial judge at one point during the hearing stated to Continental's counsel, "No. No need to apologize. I'm not mad at anybody but the Supreme Court."

The trial judge allowed Continental's counsel to say everything and argue any point he desired during the hearing, other than what was in his briefs filed with the court, which the court pointed out he had read and understood. I would say that Judge Ranck had adequately responded to this court's order to hold a hearing on various questions.

This court's current order also seems to find some bias of the trial judge against Continental in the requirement that plaintiff have its president present at all hearings. This requirement also went to the defendant banking organization. The court did not require more of one party than the other. I see that requirement as an effort by the trial court to dispose of the case by dispute resolution in a fashion other than trial. This is not an uncommon practice in trial courts and, according to some of the best judicial thinking, is encouraged or should be. It is necessary that there be present someone with authority to close litigation.

I have no argument with the majority with respect to the right of this court to supervise district courts in proper cases. I do not consider this a proper case for the court's order as written. It seems to me that the majority has taken the wrong position in this matter and is flexing its muscles in a show of strength out of line with appropriate judicial behavior under the circumstances.

I must also disagree with the majority's position that the district judge improperly dismissed plaintiff's complaint, entered judgment for defendant on its counterclaim, and ordered a further hearing on the question of damages. This action by the trial judge is authorized by W.R.C.P. 37(b)(2)(C) providing that if a party fails to provide discovery, the court may make

> [a]n Order * * * dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party[.]

While it is true that, by the provisions of W.R.C.P. 26(b)(1), "[p]arties may obtain discovery regarding any matter, not privileged," this does not excuse failure to respond.[1] The record discloses, and the trial judge found in his judgment, that discovery was propounded by defendants upon Continental in June of 1987, and thus they were required to object or respond no later than July of 1987. W.R.C.P. 33 and 34. Several months passed and no objection or response of any kind was forthcoming. The trial court entered an order requiring responses to discovery by a particular date and the order contained a warning of the consequences of dismissal and default judgment upon failure to do so. The trial judge even extended that time. Rather than responding to discovery, Continental filed several motions of protest.

The Wyoming Supreme Court has previously held such district court action in dismissal and default judgment an appropriate sanction for failure to file answers to interrogatories or excuse such failure. *Farrell v. Hursh Agency, Inc.*, 713 P.2d 1174 (Wyo. 1986); *Zweifel v. State ex rel. Brimmer*, 517 P.2d 493 (Wyo.1974); *Welsh v. Welsh*, 469 P.2d 404 (Wyo.1970). It was not an abuse of discretion; the trial judge only did what he was authorized to do.

The problem here is not that the plaintiff has been required to produce materials not available on discovery because privileged, but because plaintiff Continental made no response at all, nor did it timely object or

---

**1.** When I use the term "respond," I regard it as meaning to object, seek a protective order or answer.

timely seek a protective order. "A party may not defend against sanctions under Rule 37(d) by contending that the request was improper and objectionable. If he takes this view he is required to apply for a protective order under Rule 26(c)." Wright and Miller, Federal Practice and Procedure: Civil § 2291 at 810–11 (1970). Rule 26(c) does not specify a time for such a motion, but Wright and Miller, § 2035 at 262–63 (footnotes omitted) states that

> undoubtedly the courts will consider the timeliness of a motion under the amended rule, and will, as in the past, look to all of the circumstances in determining whether the motion is timely. Ordinarily the order must be obtained before the date set for the discovery, and failure to move at that time will be held to preclude objection later, but it may be that this rule will not be applied if there was no opportunity to move for a protective order. A party may not remain completely silent even when he regards a notice to take his deposition or a set of interrogatories or requests to inspect as improper. If he desired not to appear or not to respond he must seek a protective order, but if there are extenuating circumstances that explain his failure, the court may take these into account in determining what sanctions to impose.

I find no extenuating circumstances to excuse Continental's failure to timely seek a protective order.[2]

It is my view that the court is violating its own rule, as conceived by it, in requiring the district judge to step aside and assign another district judge to assume responsibility for the case. W.R.C.P. 40.1 clearly states that when a party seeks to disqualify a judge for cause, he must file a motion supported by adequate facts set out to show the existence of such grounds showing a bias or prejudice *"against the party or his counsel."* Any other party may file counter-affidavits. "The *presiding judge shall rule on the motion and if he grants the same,* shall immediately call in another district judge to try the action." W.R.C.P. 40.1(b)(2)(E) (emphasis added). W.R.C.P. 40.1(b)(3) provides that:

> A ruling on a motion for a change of district judge shall not be an appealable order, but the ruling shall be entered on the docket and made a part of the record and may be assigned as error in an appeal of the case.

If the court is to willy-nilly disregard its own rules, then perhaps it should set aside all its rules. The district judge is entitled to make the initial decision here. Otherwise, it is imposing on the prerogative of the district trial judge granted by this court.

I can find no just reason for this court to verbally castigate Judge Ranck and divest him of his court. I would have denied extraordinary relief and sent the matter back to the district court for trial on the issue of damages to a final judgment and let these matters be taken up on appeal. If not, the trial judge has become the victim and the real scamps will escape.

---

**2.** Wright & Miller, § 2291 at 331 (1988 pocket part) adds that:

> Once a motion for sanctions under Rule 37(d) has been made, the delinquent party cannot avoid the sanctions by then making the response to discovery requests that should have been made earlier. Although the court may consider the belated response in determining what sanction, if any, to impose, the rule does not become inapplicable because a response is made in the interim between the filing of the motion for sanctions and the hearing on the motion.

Continental applied for a protective order after the Bank's motion for sanctions.