Wayne Walter TAYLOR, Appellant
(Defendant),

v.

The STATE of Wyoming, Appellee
(Plaintiff).

No. 5618.

Supreme Court of Wyoming.

April 2, 1982.

Michael H. Schilling, Appellate Counsel, Wyoming Public Defender Program, Laramie, and Sylvia Lee Hackl, Asst. Appellate Counsel, Wyoming Public Defender Program, Cheyenne, for appellant.

Steven F. Freudenthal, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., Criminal Division, Allen C. Johnson, Senior Asst. Atty. Gen., and Denise Homce, Legal Intern, Cheyenne, for appellee.

Before ROSE, C. J., and RAPER, THOMAS, ROONEY and BROWN, JJ.

BROWN, Justice.

Appellant appeals from a conviction of first-degree sexual assault, in violation of § 6–4–302(a)(ii), W.S.1977. He urges a single issue on appeal:

"The trial court erred in admitting into evidence, over appellant's objection, a cigarette butt found in the parking lot near the scene of the alleged assault."

We will affirm.

■ The victim accepted a ride home from a man whom she met in the parking lot of a bar in Cheyenne, Wyoming. Enroute to the victim's residence, the driver made a "pit stop" behind a liquor store, located a short distance from the bar. When the driver got out of his car, he was smoking a cigarette. He returned to his car without the cigarette. The sexual assault, at gun point, followed immediately. After returning home, the victim promptly reported the assault to the sheriff's office.

On the way to the hospital for an examination of the victim, Deputy Sheriff Greene stopped at the scene of the assault and took a quick "look around" the area. During this cursory search, Deputy Greene saw what he believed to be a Marlboro cigarette butt. He did not pick up the cigarette butt, but requested that another deputy secure the area. Deputy Westerfield, who secured the area, picked up a cigarette butt about six hours after the sexual assault. The cigarette butt had the markings of a Marlboro cigarette.

Appellant admitted that he smoked Marlboro cigarettes, and the cigarette butt was admitted into evidence. A forensic serologist who had made tests testified at trial that the individual who smoked the cigarette had type A blood, as do appellant and forty percent of the nation's population.

Appellant objected to the introduction of the cigarette at trial by saying there was not sufficient foundation shown to connect that cigarette butt with the incident alleged to have occurred in that parking lot. On appeal appellant also argues irrelevancy, lack of probative value, incompetency, immateriality, and remoteness.

■ It has been held generally that the admission of evidence is within the sound discretion of the trial court and absent a clear abuse of discretion will not be disturbed.[1] It is also the general rule that the foundation,[2] relevance,[3] competency, materiality,[4] and remoteness[5] are within the sound discretion of the trial court and will be upheld on appeal absent a clear abuse of discretion.

■ Foundation testimony is that testimony which identifies the evidence and connects it with the issue in question. 3 Jones, Evidence, § 15.2, p. 4 (1972). Here a proper chain of evidence was established indicating that the cigarette butt introduced at trial was the same one which had been picked up at the assault scene. In any event, appellant does not question the chain of evidence.

While appellant talks about foundation, relevance, competency, materiality, and remoteness, what he is really arguing is that this evidence has no probative value. Granted the evidence regarding the cigarette butt is weak, inconclusive and could not, standing alone, sustain a conviction.

1. Sanville v. State, Wyo., 593 P.2d 1340, 1345 (1979).

2. State v. McKenzie, Mont., 608 P.2d 428, 444 (1980); 1 Jones, Evidence, § 4:59, p. 511 (1972).

3. United States v. Twilligear, 460 F.2d 79, 81 (10th Cir. 1972).

4. Buckles v. State, Wyo., 500 P.2d 518, 523, (1972), cert. denied 409 U.S. 1026, 93 S.Ct. 475, 34 L.Ed.2d 320 (1972).

5. Gilliland v. Rhoads, Wyo., 539 P.2d 1221, 1229 (1975); Pure Gas and Chemical Company v. Cook, Wyo., 526 P.2d 986, 992 (1974); State v. Grider, 74 Wyo. 88, 284 P.2d 400, 406 (1955); State v. Koch, 64 Wyo. 175, 189 P.2d 162, 164 (1948); Hill v. Rolleri, 615 F.2d 886, 891 (9th Cir., 1980); 1 Wharton's Criminal Evidence, § 152, p. 279, 280–281 (13th ed. 1972).

Such evidence, however, has probative value. *State v. Luoma,* 88 Wash.2d 28, 558 P.2d 756 (1977). It is a circumstance that tends to connect appellant with the crime scene.

■ The admissibility of circumstantial evidence in criminal cases is extremely liberal, allowing for the admission of any circumstances which may throw light upon the matter being investigated. 29 Am.Jur.2d, Evidence, § 266, p. 315 (1967). Also, "The mere fact that evidence, otherwise relevant and of probative value, is incomplete, weak or somewhat prejudicial, does not necessarily require its exclusion." 29 Am.Jur.2d, Evidence, § 253, p. 305 (1967).

■ The strength or weakness of evidence as proof of a fact is immaterial in determining whether it should be admitted. "Evidence of circumstances which tend to connect the accused with the commission of a crime is properly admitted even though inconclusive in character." 29 Am.Jur.2d, Evidence, § 266, p. 316 (1967).

> "On the assumption that it is correct, as brought out by the accused, that type A blood is possessed by 40 per cent of the population of the United States and that Mrs. Cahill's blood was type A, testimony that the bloodstains on the accused's shirt were of type A was admissible as a step in linking the accused with the crime, even though the testimony was wholly inadequate, in and of itself, to identify the accused as the one committing the homicide. * * *" *State v. Walters,* 145 Conn. 60, 138 A.2d 786 (1958), cert. denied and app. dismissed, 358 U.S. 46, 79 S.Ct. 70, 3 L.Ed.2d 45 (1958).

■ Evidence of blood type is allowed on the question of the identity of the accused and as a factor tending to place the accused at the scene of the crime. Annotation 2 A.L.R.4th 500 (1980); and 30 Am.Jur.2d, Evidence, § 1104, p. 273 (1967). Evidence of blood type can be used to corroborate other evidence. *Commonwealth v. Mussoline,* 429 Pa. 464, 240 A.2d 549 (1968).

Appellant argued in summation the inconclusiveness of the cigarette butt. He pointed out to the jury the possibility of the wind blowing the butt into the assault area, the time between the assault and the time the cigarette butt was recovered, and other matters that tended to show the weakness in this segment of the evidence. We assume, therefore, that the jury placed appellant at the scene because the victim identified him, and that the evidence about the cigarette butt, weak as it might have been, was merely corroborating and circumstantial evidence which might have aided the jury in its determination.

■ The right to a trial by jury includes the right to have the jury pass upon questions of fact by determining the weight of conflicting evidence. *Long v. Forbes,* 58 Wyo. 533, 136 P.2d 242 (1943). The interval of time which had passed is one of those factors which the jury weighs in determining the validity of evidence. 1 Wharton's Criminal Evidence, § 152, p. 281 (13th ed. 1972). Furthermore, "if there is a question of fact as to the connection of an article introduced into evidence with the defendant or the crime, the evidence should be admitted for the determination of the jury." *Peters v. State,* Okl.Cr., 586 P.2d 749, 752 (1978).

We find that the cigarette butt was properly admitted into evidence.

Affirmed.