**Kerry WETHERELT, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 93–35.**

Supreme Court of Wyoming.

Dec. 1, 1993.

---

Leonard D. Munker, State Public Defender and Deborah Cornia, Appellate Counsel for the Public Defender Program, and Linda Burt, for appellant.

Joseph B. Meyer, Atty. Gen., Sylvia Lee Hackl, Deputy Atty. Gen., Barbara L. Boyer, and D. Michael Pauling, Sr. Asst. Attys. Gen., for appellee.

Before MACY, C.J., and THOMAS, CARDINE, GOLDEN and TAYLOR, JJ.

MACY, Chief Justice.

Appellant Kerry Wetherelt appeals from her convictions for one count of felony larceny and for two counts of forgery.

We affirm.

Appellant states the issues on appeal as follows:

ISSUE I

Whether sufficient evidence was presented to sustain Appellant's conviction of larceny under Wyoming Statute § 6–3–402[ (a) and (c)(i) ]

ISSUE II

Whether sufficient evidence was presented to sustain Appellant's conviction of forgery under Wyoming Statute § 6–3–602[ (a)(ii) and (iii) ]

■ When reviewing the sufficiency of the evidence for a criminal conviction:

" '[T]his court must determine whether, after viewing the evidence and appropriate inferences in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime to have been proven beyond a reasonable doubt.' "

*Jennings v. State*, 806 P.2d 1299, 1302 (Wyo.1991) (quoting *Munson v. State*, 770 P.2d 1093, 1095 (Wyo.1989)).

*Doud v. State*, 845 P.2d 402, 403 (Wyo. 1993). After we have resolved all evidentiary conflicts in favor of the prosecution, the record reveals:

On August 2, 1991, Appellant and her friend drove a pickup pulling a U–Haul trailer to Thomas Kasper's house trailer in Powell. Finding the house trailer door locked, Appellant opened it with a key she found hidden underneath the top of a lamp fixture which was sitting on the porch. She entered without Kasper's permission and removed several items of his property. Appellant also took two check blanks from Kasper's business checkbook. She filled out the check blanks, making them both payable to herself, in the amount of $350 each. She signed Kasper's name as the maker and cashed the checks at a Powell bank.

On the return trip to Casper, Appellant stopped in Dayton. She placed a telephone call to the Casper Star–Tribune and ordered a garage sale advertisement. The

advertisement listed several items which would be available for sale on August 3rd and 4th, including a rifle, a pair of roller blades, and a television. The advertisement identified Appellant's Casper address as being the location of the sale.

Kasper returned to his residence later in the day on August 2nd. He found the inside of his home in disarray. He notified the Park County Sheriff's Department that several items of his property were missing, and he provided the sheriff with a partial list of the stolen items. The list identified thirty-seven separate missing items, including approximately seventy compact disks and three compact disk cartridges, a 30.06 Remington ADL rifle, a coffee maker, a pair of roller blades, a television, and a video cassette recorder. Kasper later reported that a men's twelve-speed bicycle was also missing. On August 15th, Kasper discovered that two check blanks, numbered 630 and 638, were missing from the middle of a checkbook he used for his business account.

On August 25, 1991, Kasper met with Appellant at her home in Casper. At that time, she returned several items to Kasper, including twenty-two compact disks and the men's twelve-speed bicycle. Appellant failed to return the coffee maker, the rifle, the roller blades, the television, and the video cassette recorder.

The State charged Appellant with one count of felony larceny in violation of WYO. STAT. § 6–3–402(a) and (c)(i) (1988) and with two counts of forgery in violation of WYO. STAT. § 6–3–602(a)(ii) and (iii) (1988). Appellant waived her right to have a jury trial. On May 29, 1992, the trial court found her guilty on all counts.

The trial court based its felony larceny finding upon the following property: seventy compact disks; three disk cartridges; a men's twelve-speed bicycle; a pair of roller blades; a 30.06 rifle; a video cassette recorder; a Mr. Coffee coffee maker; and a television. The court assigned a total value of $2,500 to these items.

Regarding the guilty verdicts on the two forgery charges, the trial court explained:

The Court finds that incredible to imagine or believe or accept [Appellant's] testimony that the ... complaining witness handed her two checks, number 630 and 638, non-consecutive checks on July 30th at a time when the checks he was writing were in the early six hundreds and authorized her to fill them out for three hundred fifty dollars each for child care or anything else....

The trial court deferred sentencing on the three crimes pursuant to WYO.STAT. § 7–13–301 (Supp.1993). As conditions to the deferred sentencing, the court placed Appellant on five years' supervised probation with twenty hours of community service to be performed during each month of the probationary period. It also ordered her to pay $2,735 in restitution and $750 to the crime victims' compensation account.

### Felony Larceny

Appellant primarily focuses her contention that the evidence was insufficient to sustain her conviction for felony larceny upon the element of "intent." Wyoming's larceny statute, § 6–3–402(a), provides: "A person who steals, takes and carries, leads or drives away property of another with intent to deprive the owner or lawful possessor is guilty of larceny." Larceny is a felony if the value of the property taken is $500 or more. Section 6–3–402(c)(i).

In order to convict Appellant of felony larceny, the State had to prove the following elements beyond a reasonable doubt: (1) The crime occurred within the county of Park on or about August 2, 1991; (2) Appellant took and carried away, (3) with intent to deprive Kasper thereof, (4) property owned or lawfully possessed by Kasper with a value of $500 or more.

Appellant claims that her actions in Powell on August 2nd did not evince an "intent to steal" the property from Kasper's house trailer. She made no attempt to conceal her actions in removing the property, even though Kasper's landlord was watching her. She notified the Park County Sheriff's Department that she had removed some of her personal items from Kasper's dwelling because of a domestic dispute.

Appellant contends that these actions were not those of a person who had an intent to steal.

Appellant misinterprets the sufficiency-of-the-evidence standard. In addressing her sufficiency-of-the-evidence claim, we examine whether the evidence was sufficient, viewing it in the light most favorable to the prosecution, to support the trial court's inference that Appellant possessed the intent required by the intent element of the larceny statute. *Murray v. State*, 855 P.2d 350, 356 (Wyo.1993), *petition for cert. filed*, (U.S. Oct. 21, 1993) (No. 93–751).

■ Wyoming's larceny statute contains a "specific intent" element. Conviction with respect to a crime involving an element of "specific intent" requires the State to prove that the defendant intended to commit some further act, or achieve some additional purpose, beyond the prohibited conduct itself. *Jennings v. State*, 806 P.2d 1299, 1303 (Wyo.1991).

The State presented sufficient evidence at trial to establish beyond a reasonable doubt that Appellant intended to deprive Kasper of all the property she removed from his residence. Appellant admitted that she went to Kasper's residence on August 2nd. Kasper's landlord and Appellant's friend testified that Appellant removed several items from Kasper's residence. Kasper testified that Appellant did not keep any of her property or her children's property at his Powell residence. Appellant conceded that she placed the garage sale advertisement in the newspaper. Her advertisement offered several items of Kasper's property for sale less than one day after she took them from his residence. When Kasper attempted to retrieve his property, Appellant told him that she had taken the items because "he owed her." Though she returned some of Kasper's property, she refused to return several of the items. The trial court could reasonably infer from such evidence that Appellant intended to deprive Kasper of the property which she took from his residence on August 2nd.

## Forgery

■ Wyoming's forgery statute, § 6–3–602, provides in pertinent part:

(a) A person is guilty of forgery if, with intent to defraud, he:

. . . .

(ii) Makes, completes, executes, authenticates, issues or transfers any writing so that it purports to be the act of another who did not authorize that act, or to have been executed at a time or place or in a numbered sequence other than was in fact the case, or to be a copy of an original when no such original existed; or

(iii) Utters any writing which he knows to be forged in a manner specified in paragraphs (i) or (ii) of this subsection.

Appellant bases her sufficiency-of-the-evidence challenge to her two forgery convictions upon her testimony that Kasper authorized her to write and cash the two checks. She argues that her version of events regarding the two checks provided a more plausible explanation of her actions than the State's evidence furnished. The sufficiency-of-the-evidence standard "requires us to 'leave out of consideration entirely the evidence of the defendant in conflict' with the evidence of the prosecution." *Broom v. State*, 695 P.2d 640, 642 (Wyo.1985) (quoting *Harvey v. State*, 596 P.2d 1386, 1387 (Wyo.1979)). Even though other inferences may be drawn from the evidence presented, the trier of fact has the responsibility to resolve conflicts in the evidence. *Mendicoa v. State*, 780 P.2d 1346, 1351 (Wyo.1989).

Appellant admitted that she filled out the two check blanks in question and that she signed Kasper's name as the maker of the checks. Kasper testified that he had never authorized Appellant to sign his name on checks drawn from his business account. Appellant cashed the two checks, numbered 630 and 638, at a time when Kasper was using check blanks numbered in the early 600's. The district court could reasonably infer from these facts that Appel-

lant wrote the two checks without being authorized to do so by Kasper.

The trial court reasonably inferred from the evidence presented that Appellant was guilty of committing one count of felony larceny and of committing two counts of forgery. We conclude that the trial court based its decisions upon sufficient evidence.

Affirmed.