**Barbara K. WARNER, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 94–228.

Supreme Court of Wyoming.

June 20, 1995.

Leonard D. Munker, State Public Defender, Deborah Cornia, Appellate Counsel, Cheyenne, for appellant.

Joseph B. Meyer, Atty. Gen., Sylvia L. Hackl, Deputy Atty. Gen., D. Michael Pauling, Sr. Asst. Atty. Gen., Cheyenne, for appellee.

Before GOLDEN, C.J., THOMAS, MACY and TAYLOR, JJ., and GUTHRIE, District Judge.

GUTHRIE, District Judge.

Barbara K. Warner appeals from a conviction of delivery of a controlled substance, in violation of Wyo.Stat. § 35–7–1031(a)(ii) (1994). On appeal, she asserts the trial court erred by denying her motion for mistrial and by permitting the jury to listen to a tape recording of the drug sale that was the basis

of her conviction. We reject both of her arguments and affirm the trial court's decision.

## FACTS

Warner was arrested as the result of selling three quarters of an ounce of marijuana to Valerie Thomas, a confidential drug informant, on December 1, 1993. The Division of Criminal Investigation provided Thomas with $160.00 of marked bills to buy the marijuana and also equipped her with a wireless body transmitter. Thomas drove to Warner's apartment where she purchased the marijuana for $50.00 per quarter ounce. After the purchase, Thomas gave the DCI agents, for whom she was working, three baggies of marijuana that she had purchased from Warner and $10.00 in change.

The issues presented on appeal are: 1) whether the trial court erred when it denied Warner's motion for mistrial after the state's main witness violated a motion in limine; and 2) whether the trial court erred when it allowed the jurors unsupervised review of the tape recording of the drug transaction.

## DISCUSSION

### The Trial Court did not Err in Denying Warner's Motion for Mistrial.

Five days prior to trial, Warner filed a motion in limine to exclude evidence of her prior bad acts and convictions under Wyo. R.Evid. 404(b). The state explained it had no intent of introducing such evidence during its case in chief and that its witnesses had been cautioned to avoid such references. The district court granted that motion conditionally, indicating it might reconsider the issue if warranted by circumstances arising during trial. Warner contends a mistrial should have been granted because testimony about her prior troubles with the law was improperly admitted in violation of the order in limine.

The first alleged violation of the order in limine took place during the prosecutor's direct examination of Valerie Thomas. The prosecutor asked Thomas what she was doing while the DCI agents searched her vehicle. Thomas indicated she had been "storm-ing around" upset because she felt bad about gathering evidence against Warner. When asked about the reason for those feelings, Thomas replied, "[W]e had been friends for a number of years. We had both been in trouble with the law. We had both been busted before." Immediately after that comment, the prosecutor directed inquiry into facts surrounding her departure from the truck stop. No objection was posed by Warner.

The second alleged violation of the order in limine occurred during Warner's cross examination of Thomas. Defense counsel's questions were intended to attack Thomas' credibility by suggesting she became an informant for the DCI because many of her friends had been arrested and she wished to prevent her own almost certain arrest. Defense counsel asked, "And there was a lot of these people that were busted just prior to you going to the Sheriff, isn't that correct?" Thomas' response was, "That period of time, I don't really recall that many people. I remember two or three during that period of time that live elsewhere that were going to prison and where Barb had just gotten out of prison."

Granting a mistrial is an extreme and drastic remedy that should be resorted to only in the face of an error so prejudicial that justice could not be served by proceeding with trial. *Ramirez v. State*, 739 P.2d 1214, 1219–1220 (Wyo.1987). The trial court is also in the best position to assess the prejudicial impact of such error. *Ramirez*, 739 P.2d at 1220. This court has held that a trial court's denial of a motion for mistrial premised on an order in limine regarding the exclusion of prior bad acts evidence will not be disturbed on appeal absent a clear abuse of discretion. *Engle v. State*, 821 P.2d 1285, 1289 (Wyo.1991).

This court addressed the issue of granting a mistrial for violation of a motion in limine in *Stambaugh v. State*, 613 P.2d 1237, 1240 (Wyo.1980). In *Stambaugh*, a state's witness mentioned the defendant's prior convictions during direct examination in the state's case in chief. This court upheld the trial court's denial of a motion for mistrial, finding no abuse of discretion where the

trial court relied on the following facts: 1) the prosecutor did not deliberately solicit the challenged testimony; 2) the witness appeared to be attempting to respond to a proper question, rather than intentionally attempting to prejudice the proceedings; 3) the witness was responding in narrative form, to which the defendant took no objection; 4) the testimony made only an oblique reference to the defendant's prior criminal activity, rather than a direct attack on his character; and 5) the prosecutor made no attempt to exploit the improper reference. *Stambaugh*, 613 P.2d at 1240–41.

■ Applying the test set out in *Stambaugh*, we conclude the trial court did not abuse its discretion in denying the motion for mistrial. First, the prosecutor's questions did not solicit the answer given and Thomas' comments were honest responses to defense counsel's questions as to which of her friends had been arrested at a certain time. Thomas' testimony in question was brief and her answers made only oblique references to Warner's bad acts. Thomas' answers, which made no reference to drug-related prior acts, were an attempt to provide a clear response to properly posed questions. The prosecutor moved immediately into another area of questions. Finally, given the strength of the evidence in this case, the jury's verdict was unlikely to have been affected by the challenged comments.

Moreover, the trial court determined that Thomas had not intentionally violated the order in limine, and that neither violation was sufficiently serious to warrant a mistrial. The trial court, who was in the best position to make this determination, did not abuse its discretion when it denied Warner's motion for mistrial.

**The Trial Court did not Err in Allowing Jurors Unsupervised Review of the Tape Recording of the Drug Transaction.**

Warner asserts it was error for the trial court to permit the jurors to hear, in the jury room, a tape recording of the drug transaction between Warner and Thomas. We disagree.

Thomas was equipped with a wireless transmitter while she purchased marijuana from Warner. The tape was admitted without objection by Warner. However, due to the quality of the tape, repeated playing was necessary to pick out the pertinent portions of the conversation between Thomas and Warner. The prosecutor suggested the exhibit be sent in with the jury. The trial court determined the exhibit was not testimonial, it could go to the jury room and, due to the difficulty in hearing the tape, it should be heard by the jury in a quiet place, with an opportunity for repeated playing.

■ The general rule is that testimonial video or audio tape recordings should be permitted in the jury room only in rare circumstances because they may function as a "speaking witness" whose testimony may be unduly emphasized. Even when permitted, a trial court may allow the playing of only relevant portions of the tape under controlled procedures. *Munoz v. State*, 849 P.2d 1299, 1301 (Wyo.1993); *Pino v. State*, 849 P.2d 716, 718–19 (Wyo.1993).

■ However, the general rule of exclusion is inapplicable with respect to tape recordings of criminal acts such as drug transactions. Such tape recordings are not testimonial in nature and therefore are not served by the policy considerations set out in *Munoz* and *Pino*. These non-testimonial exhibits should be made available for a jury's review as any other exhibit. Thus, a trial court's ruling permitting a jury to review the tapes should not be disturbed on appeal absent a clear abuse of discretion. *Munoz*, 849 P.2d at 1301; *Pino*, 849 P.2d at 718–19. In addition, the exercise of that discretion should be upheld so long as the audio recording is otherwise admissible, and where the state introduces something more than a minimal amount of other evidence of culpability. *Stone v. State*, 745 P.2d 1344, 1349–50 (Wyo. 1987).

■ The state introduced evidence of Warner's guilt aside from the tape recording. Mr. Hill testified as to what he heard while monitoring the wireless transmitter placed in Thomas' purse. He also testified that the tape recording accurately reflected what he

heard on the transmitter. Mr. Mizel similarly testified. Thomas herself testified of the events and those events were confirmed by the DCI agents who had visual surveillance of Thomas. Although the money to purchase the drug was not obtained, the drug itself was admitted into evidence.

In addition, Warner never objected to the admissibility of the tape recording. In fact, defense counsel effectively argued that the tape recording was the best evidence, under the best evidence rule, and further testimony concerning the events of the transaction were excluded. The tape recording became a part of the defense's theory. Based on this evidence and the fact the tape recording is non-testimonial, the trial court's decision to allow the tape to go to the jury room was not an abuse of discretion.

Judgment and sentence of the district court is affirmed.