**William WENTWORTH, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 97–222.

Supreme Court of Wyoming.

March 26, 1999.

Sylvia L. Hackl, State Public Defender; Donna D. Domonkos, Appellate Counsel; and Walter Eggers, Assistant Public Defender, for Appellant.

William U. Hill, Attorney General; Paul S. Rehurek, Deputy Attorney General; and D. Michael Pauling, Senior Assistant Attorney General, for Appellee.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and TAYLOR,* JJ.

THOMAS, Justice.

The major issue presented by William Wentworth (Wentworth) is the sufficiency of the evidence to sustain his conviction of larceny by a bailee, in violation of Wyo. Stat. Ann. § 6-3-402 (Michie 1997).[1] Wentworth

---

* Chief Justice at time of oral argument; retired November 2, 1998.

1. Wyo. Stat. Ann. § 6-3-402 provides:

(a) A person·who steals, takes and carries, leads or drives away property of another with intent to deprive the owner or lawful possessor is guilty of larceny.

(b) A bailee, a public servant as defined by W.S. 6-5-101(a)(vi) or any person entrusted with the control, care or custody of any money or other property who, with intent to steal or to deprive the owner of the property, converts the property to his own or another's use is guilty of larceny.

(c) Except as provided by subsection (e) of this section, larceny is:

(i) A felony punishable by imprisonment for not more than ten (10) years, a fine of not more than ten thousand dollars ($10,000.00), or both, if the value of the property is five hundred dollars ($500.00) or more; or

(ii) [Repealed]

(iii) A misdemeanor punishable by imprisonment for not more than six (6) months, a fine

contends that the evidence was not sufficient to establish that he was a bailee as defined in Wyo. Stat. Ann. § 6–3–401 (Michie 1997),[2] and further, specifically with respect to Count III of the Information, the evidence was not sufficient to establish the elements of the offense, which demand that the State establish specific intent, conversion, and the value of the property. A collateral issue is presented asserting error in the admission in evidence of a receipt from Wentworth's landlady and a deposit slip for his personal savings account, over Wentworth's objection. The record supports our conclusion that the evidence was indeed sufficient to sustain Wentworth's conviction, and there was no error committed in the admission of the evidence about which Wentworth complains. The Judgment and Sentence entered in the trial court is affirmed in all respects.

The statement of the issues found in Wentworth's Brief of Appellant is:

I. Was there sufficient evidence to convict the appellant of felony larceny by bailee?

II. Did the district court err when it admitted irrelevant evidence over the appellant's objections?

The following arguments are advanced as the issues in the Brief of Appellee, filed on behalf of the State of Wyoming:

## ARGUMENT I

Sufficient evidence was presented at trial to sustain appellant's convictions for larceny by bailee.

## ARGUMENT II

State's exhibits 7 and 10.2 were relevant to the charges and were properly admitted into evidence.

Leo McGinty (McGinty) was in the Thermopolis area in September of 1995, looking for an opportunity to purchase a bar that would be operated as McGinty's business.

McGinty met Wentworth in One Eye Jack's, a business that we assume was a saloon. Wentworth told McGinty that One Eye Jack's was for sale, but the price suggested was more than McGinty wanted to pay. Wentworth then told McGinty about an abandoned bar in Kirby, and McGinty and his wife leased that property for a year with an option to purchase. McGinty and Wentworth agreed that Wentworth would manage the establishment and would also serve as the bartender. Since Mr. and Mrs. McGinty were not residents of Wyoming, the liquor license was obtained in Wentworth's name.

Before they returned to California, the McGintys paid the rent on the bar for a year in advance, and they opened a local checking account on which Wentworth was authorized to write checks. They also opened a savings account, but Wentworth was given no authority to draw upon that account. The McGintys paid Wentworth $3,600.00, which was an advance on his first three months salary, and Wentworth spent most of November and the first part of December cleaning up the building and preparing the bar for operation. On December 12, 1995, McGinty and Friends opened for business in Kirby.

That was the pinnacle of success for McGinty and Friends, and the business began to deteriorate almost immediately. Wentworth withdrew $5,000.00 from the checking account, ostensibly to keep a judgment creditor of his from reaching the McGinty funds. He re-deposited $3,000.00 into the savings account, but he used $1,000.00 to retain an attorney to advise him regarding his personal debts. The remaining $1,000.00 was utilized to operate the bar. In an effort to keep the business afloat, Wentworth began requesting frequent infusions of additional cash, which the McGintys supplied.

of not more than seven hundred fifty dollars ($750.00), or both, if the value of the property is less than five hundred dollars ($500.00).

(d) Conduct denoted larceny in this section constitutes a single offense embracing the separate crimes formerly known as larceny, larceny by bailee or embezzlement.

(e) A person who steals any horse, mule, sheep, cattle, buffalo or swine is guilty of livestock rustling which is a felony punishable by imprisonment for not more than ten (10) years, a fine of not more than ten thousand dollars ($10,000.00), or both.

2. The applicable definition of a bailee, found in Wyo. Stat. Ann. § 6–3–401(a)(i), is: " 'Bailee' means a person other than the owner of property who rightfully possesses property[.]"

By March of 1996, the McGintys became concerned about Wentworth's continual requests for capital, and Mrs. McGinty traveled to Wyoming on March 18, 1996. When she arrived, she found the bar closed, and most of the inventory and equipment missing. An investigation by the Hot Springs County Sheriff's Department disclosed that Wentworth had used checks drawn upon the McGinty and Friends account to purchase goods and services for his own use and to obtain cash, and he even had attempted to deposit checks payable to the bar into his personal bank account. In addition, Wentworth had sold a freezer; a VCR; two televisions; and several dozen bottles of liquor to a local business for $2,450.00. Wentworth could not account for that money. A search of his residence, pursuant to a warrant, revealed more checks that were payable to the bar, as well as bottles of liquor that matched the bar inventory.

On August 6, 1996, Wentworth was charged with four counts of felony larceny by bailee, in violation of Wyo. Stat. Ann. § 6–3–402(b). One count was dismissed at the preliminary hearing. After a trial, a jury, on January 24, 1997, convicted Wentworth on two counts, and acquitted him on the remaining count. He was sentenced to a term of thirty to sixty months on each count, to be served concurrently in the Wyoming State Penitentiary; required to pay restitution in the amount of $8,186.86; and ordered to pay $200.00 to the Crime Victims Compensation Fund. Wentworth then appealed from the Judgment and Sentence entered in the trial court.

■ Our standard for reviewing the sufficiency of the evidence was established more than sixty years ago in *Willis v. Willis*, 48 Wyo. 403, 49 P.2d 670, 678 (1935):

> [T]he appellate court must assume that the evidence in favor of the successful party is true, leave out of consideration entirely the evidence of the unsuccessful party in conflict therewith, and give to the evidence of the successful party every favorable inference which may be reasonably and fairly drawn from it. 4 C.J. 857

Recently, we rephrased that same standard, in the context of a criminal case:

> [W]hether all the evidence which was presented is adequate enough to form the basis for a reasonable inference of guilt beyond a reasonable doubt to be drawn by a finder of fact when that evidence is viewed in the light most favorable to the State.

*Bloomquist v. State*, 914 P.2d 812, 823 (Wyo. 1996), followed in *Blake v. State*, 933 P.2d 474, 480 (Wyo.1997).

Wentworth attacks the sufficiency of the evidence on two premises. First, he argues that the prosecution failed to prove that he was a bailee as defined in Wyo. Stat. Ann. § 6–3–401. The definition of a bailee is found in Wyo. Stat. Ann. § 6–3–401(a)(i): " 'Bailee' means a person other than the owner of property who rightfully possesses property[.]" In accordance with Wentworth's request, the trial court gave that statutory definition in an instruction to the jury. The crux of Wentworth's argument is that he was not "a person other than the owner of property," which excluded him from the definition of a bailee. Wentworth contends that, instead, he was a co-owner of the bar, and it was impossible for him to commit larceny by a bailee.

In support of this position, Wentworth argues that both the lease for the bar and the liquor license indicated that he was a co-owner. Neither the lease nor the license was offered or received into evidence. Even if they were evidence, however, they would not have the dispositive effect claimed. Wentworth's claim of his status as a co-owner was not raised at trial, and seems to have originated as a theory on appeal.

■ At trial, Wentworth and his counsel referred to Wentworth as "employed by McGinty and friends" as a "[m]anager and bartender." Wentworth also testified that his name was placed on the lease and the license simply because he was a Wyoming resident. He explained that since the McGintys were not Wyoming residents, they could not qualify to hold a liquor license. McGinty testified that Wentworth was not a partner in the business. When this evidence is examined in the light most favorable to the State, there was certainly sufficient evidence to permit the jury to conclude that Went-

worth stood in the status of a bailee with respect to the McGintys.

In his second argument attacking the sufficiency of the evidence, Wentworth focuses on Count III [3] of the Information contending that the prosecution failed to establish the essential elements of specific intent, conversion, and the dollar amount. He argues that the evidence presented to the jury with respect to Count III was insufficient to establish those elements of the offense. The jury instruction given by the trial court on the elements of Count III read:

> The elements of the crime of felony Larceny, as charged in Count III in this case, are:
>
> 1. Between the dates of March 1, 1996, through March 30, 1996
> 2. In Hot Springs County, Wyoming
> 3. The Defendant, WILLIAM WENTWORTH
> 4. While a bailee entrusted with the control, care or custody of any money or property
> 5. With intent to steal or deprive the owner of the property
> 6. Converted the money or property to his own use or the use of another person; and
> 7. The value of the money or property converted was *$500.00 or more*.

(Emphasis added.) This jury instruction was requested by Wentworth, and, of course, he did not object to it when it was given.

■ Specific intent is an element of the crime of larceny. *Wetherelt v. State,* 864 P.2d 449, 452 (Wyo.1993). The State must establish that element, just as it must any other element, beyond a reasonable doubt. *Jennings v. State,* 806 P.2d 1299, 1303 (Wyo. 1991). The element of specific intent that must be demonstrated in a larceny case is "intent to steal or to deprive the owner of the property * * *." Wyo. Stat. Ann. § 6–3–402(b). Wentworth asserts that the prosecution presented no evidence of intent, but he might more appropriately argue that the prosecution offered no *direct* evidence of intent. The fallacy in Wentworth's claim, how-

ever, is that the jury may infer specific intent from circumstantial evidence, such as the conduct of the defendant. As we said in *Schiefer v. State,* 774 P.2d 133, 135 (Wyo. 1989):

> The mind of an alleged offender may be read from his acts, his conduct, his words and the reasonable inferences which may be drawn from the circumstances of the case. To hold otherwise would create an impossible burden in a case requiring a finding of specific intent.

When the circumstantial evidence found in this record is considered, including the fact that Wentworth was unable to satisfactorily account for the funds, we conclude that there was sufficient evidence for the jury to find the requisite specific intent.

■ Wentworth does not deny that the property belonged to the McGintys or that he sold it without their permission. Instead, he argues that he sold the property to raise capital, which he returned to the business. This claim does not recognize a critical factor. Wentworth used the proceeds to cover checks he wrote on the business account which were uttered for goods, services, and cash that he personally received. The same evidence resolves any dispute over dollar amount. Wentworth contends that he put $2,000.00 from the sale of the assets back into the business, which would leave less than $500.00 unaccounted for. The $2,000.00 Wentworth put back, however, was not used in the business; he used it to endeavor to cover his own bad debts. Thus, McGinty and Friends simply served as a conduit for Wentworth's conversion of funds exceeding $500.00. When viewed in the light most favorable to the State, the evidence is more than sufficient to support a holding that the elements of conversion and the requisite dollar amount were established with respect to Count III.

■ Turning to the second claim of error, Wentworth contends that two prosecution exhibits were irrelevant, and should not have been admitted. The State's exhibits that are in issue are Exhibit 7, a receipt from Wentworth's landlady; and Exhibit 10.2, a

---

**3.** Count III of the Information addressed charges of unauthorized sale of the business assets and

conversion of the proceeds to Wentworth's use.

deposit slip to Wentworth's personal savings account. Wentworth objected to both documents on the basis of relevance. The State argued that the receipt showed Wentworth was behind in his rent, which would establish his motive for larceny, and that the deposit slip showed a large deposit of cash into Wentworth's bank account at a time when funds were missing from McGinty and Friends. The trial court ruled both exhibits were admissible.

"Relevant evidence" is defined in W.R.E. 401: " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." The application of W.R.E. 401 is left to the sound discretion of the district court, and those rulings with respect to the admission of evidence will not be disturbed unless a clear abuse of discretion is demonstrated. *Taylor v. State*, 642 P.2d 1294, 1295 (Wyo.1982).

These two exhibits are circumstantial evidence, and, of course, they would not be sufficient, by themselves, to sustain the conviction. That does not mean they lack probative value. We said in *Taylor*, 642 P.2d at 1296:

> The admissibility of circumstantial evidence in criminal cases is extremely liberal, allowing for the admission of any circumstances which may throw light upon the matter being investigated. 29 Am. Jur.2d, Evidence, § 266, p. 315 (1967).
>
> * * *
>
> * * * "Evidence of circumstances which tend to connect the accused with the commission of a crime is properly admitted even though inconclusive in character." 29 Am.Jur.2d, Evidence, § 266, p. 316 (1967).

In light of this standard for admissibility, we hold the trial court did not commit an abuse of discretion in admitting the State's exhibits 7 and 10.2.

The Judgment and Sentence entered in the trial court is affirmed.