George WILLIAMS, Appellant (Defendant),

v.

The STATE of Wyoming, Appellee (Plaintiff).

No. 98–97.

Supreme Court of Wyoming.

Aug. 11, 1999.

Sylvia Lee Hackl, State Public Defender; Donna D. Domonkos, Appellate Counsel. Argument by Ms. Domonkos, for Appellant.

Gay V. Woodhouse, Chief Deputy Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Theodore E. Lauer, Faculty Director, and Kevin C. Cook, Student Director, of the Prosecution Assistance Program. Argument by Mr. Cook, for Appellee.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN and TAYLOR,* JJ.

GOLDEN, Justice.

Claiming that the jury convicted him of burglary with insufficient evidence of his in-

* retired November 2, 1998

tent to commit larceny, George Williams appeals from his conviction and sentence for burglary. Williams supports his claim by asserting that the descriptions of the items taken from the victim's garage were inconsistent and the victim did not identify the stolen items at trial.

Although a defendant's possession of stolen property without permission may be used to prove intent to commit larceny, it is not the only way to prove such intent. Alerted by the sound of breaking glass, a neighbor saw Williams entering and leaving the victim's home. A police officer testified that she contacted Williams nine blocks from the victim's home approximately one hour after the neighbor saw him and that Williams had a stud finder and needle-nosed pliers in his possession at that time. The victim testified that a stud finder and needle-nosed pliers were missing from his garage. Williams unlawfully entered another person's home later that night and told two of its occupants that he was in trouble and needed to hide from police. Given this abundance of information indicating criminal intent, the jury could reasonably determine Williams intended to commit larceny when he entered the victim's home.

We affirm the conviction.

## ISSUE

Appellant Williams presents this statement of the issue:

Did the State fail to prove any items Appellant may have had in his possession were items taken in a burglary?

Appellee State rephrases the issue as:

Was the State's evidence sufficient for a jury to find Appellant guilty of burglary beyond a reasonable doubt?

## FACTS

At approximately 2:00 p.m. on April 2, 1997, the victim's neighbor was working in his garage when he heard repeated banging on the front door of the victim's home. The neighbor then heard glass break, looked over at the victim's residence, and saw a man with red hair and wearing a black leather jacket enter the house. He later identified the man as Williams. He later saw Williams in the yard to the east of the victim's home, walking away.

At approximately 3:00 p.m. on the same day, Casper police officers Carroll and Moore responded to a suspicious person call from Northwest Fabrics. Officers Carroll and Moore found Williams outside of Northwest Fabrics and initiated contact with him. Williams was carrying a stud finder and a pair of needle-nose pliers. At trial Officer Carroll described the stud finder as an electric stud finder made by Stanley. The needle-nose pliers were described as having orange rubber-like grips. The officers returned the items to Williams, and he left the area.

The officers continued their patrol and received a call concerning damaged property approximately one hour later. Officer Carroll arrived at the location of the call and spoke with the victim. The victim told the officer that he arrived home, found the door open, and broken glass from the door. The victim told Officer Carroll that his neighbor told him about a suspicious man in the area and described the man to her. When the description matched that of Williams, she asked the victim if he owned a stud finder. The victim answered affirmatively, and Officer Carroll asked him to see if it was missing. The stud finder was missing, and the victim told the officer that a pair of needle-nose pliers with orange handles was missing also. When the victim described the stud finder, the description matched that of the stud finder Officer Carroll found in Williams' possession earlier that day. Officer Carroll suspected Williams had taken the items from the victim's home.

At trial, Officer Carroll testified that Northwest Fabrics is approximately nine blocks from the victim's home. The victim testified that the missing stud finder was black and electronic, but he did not know the brand. He described the orange-handled pliers and testified that he did not give Williams permission to enter into his home or to take any of his property. On cross-examination the victim testified that he never saw

the tools at issue in this case after April 2, 1997.

In the early morning hours of April 3, 1997, Williams was arrested for criminal entry after he entered a residence without permission. Two residents of that home testified that Williams told them he was trying to avoid the police and asked that the police not be called because they were looking for him for something he did earlier.

When the State rested, Williams moved for judgment of acquittal on the burglary charge because the evidence was not sufficient to convict. The trial court denied the motion, finding the evidence was sufficient to allow the jury to consider the charges. The jury found Williams guilty, and Williams filed a timely notice of appeal.

## STANDARD OF REVIEW

■ Williams protests that the evidence was not sufficient to support his conviction for burglary, specifically, that the items in his possession when the officers contacted him were the items taken from the victim's home. When reviewing a sufficiency of the evidence claim in a criminal case, we must determine whether a rational trier of fact could find the essential elements of the crime were proven beyond a reasonable doubt. *Jennings v. State,* 806 P.2d 1299, 1302 (Wyo. 1991) (quoting *Munson v. State,* 770 P.2d 1093, 1095 (Wyo.1989)). We do not consider conflicting evidence presented by the unsuccessful party, and afford every favorable inference which may be reasonably and fairly drawn from the successful party's evidence. *Bloomquist v. State,* 914 P.2d 812, 824 (Wyo. 1996). We have consistently held that it is the jury's responsibility to resolve conflicts in the evidence. *Id.* (citing *Wetherelt v. State,* 864 P.2d 449, 452 (Wyo.1993)). "We will not substitute our judgment for that of the jury, ... our only duty is to determine whether a quorum of reasonable and rational individuals would, or even could, have come to the same result as the jury actually did." *Id.* (citing *Hodges v. State,* 904 P.2d 334, 339 (Wyo.1995)).

## DISCUSSION

■ To sustain Williams' conviction for burglary, the State must prove beyond a reasonable doubt that he entered the victim's residence, without authority, with the intent to commit larceny or a felony therein. Wyo. Stat. Ann. § 6-3-301(a) (LEXIS 1999); *Jennings,* 806 P.2d at 1303. Williams argues that the State failed to prove the tools in his possession during his encounter with Officers Carroll and Moore were the tools missing from the victim's residence. He claims that without this proof, the State failed to prove he entered the victim's residence with the intent to commit larceny or a felony therein.

■ Direct evidence is not necessary to prove intent to steal. *Jennings,* 806 P.2d at 1303 (citing *Mirich v. State,* 593 P.2d 590, 593 (Wyo.1979)). Proof of intent is not a precise process, and it would be impossible to list all the circumstances from which a jury might properly infer the intent to steal. *Id.* "Suffice it to say they are numerous, various, and the quantum of proof required necessarily depends on the totality of the circumstances presented." *Mirich,* 593 P.2d at 593.

■ The following evidence was presented to the jury: 1) a witness heard glass break and saw a person he later identified as Williams enter and leave the victim's home; 2) two police officers contacted Williams approximately one hour later and nine blocks from the victim's home; 3) the victim testified that a stud finder and pliers were missing from his garage; 4) Williams had a stud finder and pliers in his possession when the officers contacted him; 5) Williams told two people he was trying to avoid the police because he had done something earlier in the day. Examining the totality of the circumstances, a rational jury could certainly come to the conclusion that Williams entered the victim's home with the intent to steal and that he did steal a stud finder and pliers from the victim.

The minor discrepancies in the descriptions of the stud finder and the failure to recover the stolen tools do not outweigh the testimony of the victim, the witness, and the police officers. All of these facts, taken together, illustrate that the evidence was

sufficient for the jury to find, beyond a reasonable doubt, that Williams committed burglary—that he unlawfully entered the victim's house, with the intent to steal, manifested by his theft of the victim's tools. We hold that the jury, as a reasonable trier of fact, could have found intent to steal beyond a reasonable doubt in this instance.

## CONCLUSION

A rational jury could consider the evidence presented to it and determine that Williams was guilty of burglary, regardless of proper identification or recovery of the stolen property. Therefore, we affirm.