**Rodrigo O. CONTRERAS, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 98–263.

Supreme Court of Wyoming.

July 18, 2000.

KAIL, District Judge, retired.

Rodrigo Contreras appeals his convictions of two counts of delivery of a controlled substance in violation of Wyo. Stat. Ann. § 35–7–1031(a)(ii) (Michie 1997).[1] His primary claim is that the trial court abused its discretion in allowing the jury, during its deliberation, to listen to audio tape recordings of drug transactions. Contreras further contends the trial court erred when it allowed a deputy sheriff to testify that standard procedures intended to ensure the reliability of undercover drug purchases were followed. Finally, he argues that the State did not present sufficient evidence to support his convictions. We find all of Contreras' contentions unavailing, and we affirm his convictions and sentences.

## ISSUES

This Statement of the Issues appears in Contreras' appellate brief:

### ISSUE I

The trial court erred by allowing unintelligible cassette tapes into the jury room, establishing for the jury an unreliable and misleading reference by which Rodrigo Contreras was convicted of delivery of methamphetamine.

### ISSUE II

The trial court erred by allowing the State's witness to testify that the procedures used to implicate Mr. Contreras were the procedures always used to implicate drug dealers, distorting the reliability of the key witness' testimony and misleading the jury into finding Rodrigo Contreras guilty.

Representing Appellant: Sylvia L. Hackl, State Public Defender; Donna Domonkos, Appellate Counsel; Diane Courselle, Director, Wyoming Defender Aid Program; and Kristen Cogswell, Student Intern.

Representing Appellee: Gay Woodhouse, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Georgia L. Tibbetts, Senior Assistant Attorney General; and Jennifer A. Golden, Senior Assistant Attorney General.

Before THOMAS, MACY*, and HILL, JJ., and GRANT, D.J., and KAIL, D.J., Ret.

* Retired June 2, 2000.

1. Wyo. Stat. Ann. § 35–7–1031 was amended in 1998. At the time of Contreras' arrest, Wyo. Stat. Ann. § 35–7–1031 read, in relevant part:
    (a) Except as authorized by this act, it is unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance. Any person who violates this subsection with respect to:
    (i) A controlled substance classified in Schedule I or II which is a narcotic drug, is guilty of a crime and upon conviction may be imprisoned for not more than twenty (20) years, or fined not more than twenty-five thousand dollars, ($25,000.00), or both;
    (ii) Any other controlled substance classified in Schedule I, II or III, is guilty of a crime and upon conviction may be imprisoned for not more than ten (10) years, fined not more than ten thousand dollars ($10,000.00), or both[.]

*ISSUE III*

All of the evidence presented was not adequate to form the basis for a reasonable inference of guilt beyond a reasonable doubt by a finder of fact.

The State's appellate brief includes this Statement of the Issues:

I. Whether the trial court abused its discretion by allowing nontestimonial tapes into the jury room, where those tapes contained audible evidence of illegal drug transactions and the State presented other evidence of Appellant's guilt.

II. Whether the trial court committed plain error when it allowed a State witness to describe the standard procedures the State used in making two controlled purchases of methamphetamine from Appellant, to ensure its informant did not bring drugs into the purchase.

III. Whether the State presented sufficient evidence to support a finding that Appellant was guilty of delivering a controlled substance, where the State presented an informant's testimony that he purchased methamphetamine from Appellant on two separate occasions.

### FACTS

On March 27, 1997, Uinta County Deputy Sheriff Burchell and another agent met with an informant to arrange a controlled purchase of methamphetamine from Contreras. The agents searched the informant and his vehicle, and concealed a transmitter and miniature cassette recorder in the informant's clothing. The agents gave the informant cash and instructed the informant to drive to Contreras' apartment and attempt to purchase the drugs. The agents kept the informant in sight until he entered the apartment, and then listened to the drug transaction through the concealed transmitter. The agents watched the informant leave Contreras' apartment, and kept him in sight as he drove to a prearranged location and turned over one-sixteenth of an ounce of methamphetamine. The next day, the agents and their informant repeated the process, again obtaining one-sixteenth of an ounce of methamphetamine.

The State charged Contreras with two counts of delivery of a controlled substance. At trial, Deputy Burchell testified about the procedures used, and the informant testified that Contreras was the person who sold him the drugs. The tape recordings of the transactions were introduced into evidence, as was the methamphetamine. The trial court allowed the jury to take the cassette tapes of the transactions into the jury room. The jury returned guilty verdicts on both counts. Contreras filed a timely appeal to this Court.

### DISCUSSION

1. *Cassette Tapes*

In his first issue, Contreras contends the trial court erred by allowing the cassette tapes of the drug transactions into the jury room during deliberations. In a factually similar case, this Court said that tape recordings of drug transactions are non-testimonial, and "should be made available for a jury's review as any other exhibit." *Warner v. State,* 897 P.2d 472, 475 (Wyo.1995). This Court went on to say that

a trial court's ruling permitting a jury to review the tapes should not be disturbed on appeal absent a clear abuse of discretion. * * * In addition, the exercise of that discretion should be upheld so long as the audio recording is otherwise admissible, and where the state introduces something more than a minimal amount of other evidence of culpability.

*Id.*

■ We will first address the question of whether the cassette tapes were otherwise admissible. W.R.E. 402 states that "[a]ll relevant evidence is admissible, except as otherwise provided by statute, by these rules, or by other rules prescribed by the Supreme Court." W.R.E. 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." While the cassette tapes alone could not prove Contrer-

as' guilt, they do show that a drug transaction took place at which the informant was present. The instructions to the jury specified that delivery of a controlled substance to the informant was an element of each offense. Thus, the cassette tapes make the existence of an element of the offenses more probable than it would be without the cassette tapes. The cassette tapes, therefore, are relevant and admissible.

■ We next inquire whether the State introduced more than a minimal amount of other evidence of Contreras' culpability. In *Warner*, 897 P.2d at 475–76, we held that the test was satisfied when the law enforcement officers testified about what they heard while monitoring the informant's concealed transmitter; the informant testified about the drug purchase; and the drugs were introduced into evidence. Here, the State produced the same type of evidence. The agents testified about how they searched the informant before the purchase to ensure he had no other drugs; they testified about what they heard through the concealed transmitter; the informant testified that he bought the drugs from Contreras; and the drugs were introduced into evidence.

The cassette tapes were admissible at trial, and the State introduced more than a minimal amount of other evidence of Contreras' guilt. Therefore, we hold that the trial court did not abuse its discretion by allowing the cassette tapes into the jury room.

### 2. *Law Enforcement Testimony*

■ Contreras next argues that the trial court erred when it allowed Deputy Burchell to explain procedures used to ensure the reliability of drug buys, and testify that those procedures were followed in this case. Since Contreras' defense counsel did not object to the testimony at trial, we will apply our plain error standard of review. Plain error will not be assigned unless (1) the record clearly reflects the incidents urged as error; (2) appellant is able to demonstrate violation of a clear and unequivocal rule of law; and (3) it is shown that a substantial right of the appellant was materially prejudiced. *Dike v. State*, 990 P.2d 1012, 1019 (Wyo.1999) (*quoting Bradley v. State*, 635 P.2d 1161, 1164

(Wyo.1981)). The first prong of our test is satisfied: the record clearly reflects the deputy's testimony.

Contreras argues that the second prong is satisfied because the testimony improperly bolstered the testimony of the deputy and the informant. He further contends that the challenged testimony was admitted in violation of W.R.E. 403, which reads:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

The State responds that the deputy's testimony did not offer an opinion about the informant's credibility, and was probative of how the drugs came into the informant's possession by showing that the drugs could not have came from anywhere other than Contreras' apartment.

In support of his argument that Deputy Burchell's testimony improperly bolstered his own testimony and that of the informant, Contreras cites decisions of this Court holding that a witness may not testify or offer an opinion that another witness is telling the truth. *Dudley v. State*, 951 P.2d 1176, 1179 (Wyo.1998); *McCone v. State*, 866 P.2d 740, 751 (Wyo.1993), *aff'd* 83 F.3d 432 (10th Cir. 1996); *Whiteplume v. State*, 841 P.2d 1332, 1340 (Wyo.1992); *Zabel v. State*, 765 P.2d 357, 362 (Wyo.1988). He also cites authority from outside this jurisdiction for the proposition that law enforcement officers may not give irrelevant testimony about law enforcement procedures or opinion testimony that affirms the credibility of a prosecution witness. *People v. Alfonso*, 194 A.D.2d 358, 599 N.Y.S.2d 543, 544 (1993); *People v. Ciaccio*, 47 N.Y.2d 431, 418 N.Y.S.2d 371, 391 N.E.2d 1347, 1351 (1979).

■ Although Contreras accurately summarizes our holdings in the cases he cites, the facts of this case are distinguishable. The record reveals that Deputy Burchell never offered an opinion about the truthfulness of the informant's testimony. He merely explained departmental procedures

designed to produce reliable information, which laid a proper foundation for the admission of the State's evidence. The deputy's testimony corroborated some elements of the informant's testimony, but admissible testimony that has the incidental effect of bolstering or corroborating other testimony is not inappropriate. *Zabel*, 765 P.2d at 361 (*quoting State v. Kennedy*, 320 N.C. 20, 357 S.E.2d 359, 367 (1987)).

The facts here are also distinguishable from the New York cases that Contreras cites. In *Alfonso*, 599 N.Y.S.2d at 544, a police officer testified, in detail, over repeated objections, about police tactics. The officer explained how locations were selected for anti-drug operations; described the roles of various members of the operation; described the equipment used by officers; and described the *modus operandi* of typical drug dealers. He also testified that he observed the defendant commit two uncharged offenses. *Id.* A bare majority of the court held that the officer's testimony was inappropriate because it "was not essential to fill any void in the evidence or to render otherwise incomprehensible testimony more understandable to the jurors * * *." *Id.* Deputy Burchell's testimony here was necessary to fill a void in the evidence; without it, the jury would have had no assurance that the informant entered Contreras' apartment with cash but not drugs, and left with drugs but no cash.

*Ciaccio* is similarly distinguishable. There, an officer testified that a hijacking victim's testimony was consistent with the *modus operandi* of local hijackers. *Ciaccio*, 418 N.Y.S.2d 371, 391 N.E.2d at 1351. The court held that

> [w]here, as here, the sole reason for questioning the "expert" witness is to bolster the testimony of another witness (here the victim) by explaining that his version of the events is more believable than the defendant's, the "expert's" testimony is equivalent to an opinion that the defendant is guilty, and the receipt of such testimony may not be condoned.

*Id.* As previously discussed, Deputy Burchell's testimony was admissible for purposes other than bolstering the informant's testimony. *Ciaccio*, therefore, is inapplicable here.

Contreras also asserts that the deputy's testimony violated W.R.E. 403 because "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury * * *." He goes on to paraphrase the rule, but offers nothing in the way of cogent argument or pertinent authority. Pursuant to W.R.A.P. 1.03, this Court need not consider the issue further. *Hamburg v. Heilbrun*, 891 P.2d 85, 87 (Wyo.1995). Contreras cannot show that a clear and unequivocal rule of law was violated; therefore, no plain error occurred.

### 3. *Sufficiency of the Evidence*

■ In his final assignment of error, Contreras contends the evidence presented was insufficient to support a conclusion that he was guilty beyond a reasonable doubt. When reviewing a claim of insufficient evidence, this Court assumes that the evidence favoring the prevailing party is true, disregards the evidence favoring the unsuccessful party, and gives the prevailing party the benefit of every favorable inference that may reasonably be drawn from the evidence. *Wentworth v. State*, 975 P.2d 22, 25 (Wyo. 1999) (*quoting Willis v. Willis*, 48 Wyo. 403, 49 P.2d 670, 678 (1935)).

■ Contreras bases his sufficiency argument on the informant's admittedly flawed character. He essentially contends that because the informant was the only witness who could identify Contreras as the seller of the drugs, the jury could not have reasonably concluded that Contreras was indeed the seller. This Court has made it abundantly clear that weighing the credibility of witnesses is the exclusive province of the trier of fact, and we will not substitute our judgment for theirs. *Vargas v. State*, 963 P.2d 984, 989 (Wyo.1998). The State's evidence, viewed in the most favorable light, shows that the informant purchased methamphetamine from Contreras. We hold, therefore, that sufficient evidence supports Contreras' convictions on both counts.

The Judgment and Sentence of the trial court is affirmed in all respects.